# ℳheeling.

## ARNOLD et al. v. ARNOLD et al.

### Decided November 1, 1877.

1877.
Special Term.

1. S. A., of Wetzel county, by six several deeds executed and acknowledged by him at the same time and before the same justice, conveyed six parcels of land in Marshall county to six of his children under such circumstances as constitute one act and transaction.    About ten days afterwards S. A. died Shortly afterwards four other children and legal heirs of said S. A. filed their bill against said six grantees jointly, to set aside said deeds, substantially upon the ground, that S. A. was at the time said deeds were made, not of sound mind and was mentally incompetent, at the time said deeds were executed and acknowledged, to make the said deeds; and that they were obtained from said S. A. fraudulently and by undue influence, and were not his deeds.    Upon demurrer to the bill the circuit court overruled the demurrer.    HELD:

That said bill is not multifarious; and that the court did not err in overruling the said demurrer.

2. The decree appealed from ascertaining and reciting that process in the cause had been duly served upon the defendants to the bill, and R. and his wife being parties to the bill, and against whom process in the cause did issue to answer the bill, and R. and his wife being parties to the appeal, as appellees, and having appeared in the Appellate Court, by their counsel and attorney,, and filed a release of all errors in said decree in the form of their deed duly acknowledged, and by their authorized counsel and attorney consented in and before said Appellate Court, that said decree should be affirmed by the Appellate Court, the appellants cannot object. that R. and his wife were not before the circuit court in said cause at or before the rendition of said decree, notwithstanding it does not appear by the transcript of the record of the proceedings before the circuit court, that R. and his wife were served with process to answer the bill otherwise than by

57

said recital in the decree, that process had been duly served on the defendants.

3. If the evidence on a question of fact in a suit in chancery, though various and conflicting, be such as ought to satisfy the chancellor's conscience as to the truth of the case he need not direct an issue to try the fact.

An appeal from a decree of the circuit court of Marshall county, rendered on the 12th day of December 1876, in a cause in chancery in said court then pending, wherein Harriet Ann Arnold and others were plaintiffs, and Joseph Arnold and others were defendants, granted upon the petition of Joseph Arnold, George Fish and wife, James K. P. Conkle and wife and Roberta Homes.

The facts sufficiently appear in the opinion of the Court.

Hon. T. Melvin, Judge of the first judicial circuit, rendered the decree complained of.

*R. C. Holliday,* for appellants, cited:

Code W. Va., ch. 79, §1 ; 1 Tuck. Com., 2 book ch. 10 ; 5 Denio 385 ; 2 Barb. Ch. 398 ; 47 Barb. 304 ; 13 How. 476 ; 6 Cush. 472 ; 4 Mass. 326 ; 1 How. 37, 674 ; 16 Pet. 455 ; 9 Cowen 530 ; 1 Hop. 501, 2 How. 619 ; 3 How. 333 ; 1 Parsons on Contracts 357, 358, 362 ; 7 W. Va. 232 ; 42 N. Y. 316 ; 2 Leading Cases Eq. 696, 697 ; 17 Ill. 148 ; 3 Edw. Ch. 323 ; 1 Story's Eq. Jur. §655 ; 1 Wash. 149 ; 2 Munf. 587 ; 3 Munf. 98, 366 ; 4 Rand. 336 ; 11 Wend. 648 ; Chitty Con. 29 ; 9 Gratt. 332.

*J. Dallas Ewing,* for appellees:

The objection to the bill, for multifariousness cannot be entertained : Code 1868, ch. 79, §1 ; *Currin et al* v. *Spraull et al.,* 10 Gratt. 145.   Story's Eq. Pl., §541a, also §§285, 285a and 287.

The deeds were not his voluntary acts, but were prompted and suggested by the parties who took them : Taylor's Med. Jur. 6 Am. ed., page 676.

1877.
Special Term.

Arnold et al.
v.
Arnold et al.

Blood and natural affection cannot be set up, after deed is impeached, where it on its face purports to be for pecuniary consideration. Kerr on Fraud and Mistake, notes by Bump. 191, 192.

The consideration named in the deed is a valuable one, and implies a contract and not a gift. That the considerations are palpably and grossly inadequate is beyond all question. It is therefore unnecessary to consider whether standing alone any single feature of the case would serve to vitiate the claims of title relied upon by some of the defendants, taking all its features together undue influence, in a legal sense, will be presumed, and this presumption has not been rebutted by the defendants ; but on the contrary they have given the strongest proof of its existence.

I think ample authority in support of these views will be found in *Deem* v. *Philips et al.* 5 W. Va. 168 ; *Samuel* v. *Marshall et ux., et al.* 3 Leigh 567 ; *Whiteharn* v. *Hines* 1 Munf. 557 ; *Fox* v. *Macreth* ; *Pitt* v. *Macreth* ; Leading Cases in Equity, White & Tudor, Hare and Wallace Annotations vol. 1, page 135 to 137.

As to the assignment of error because Reese and wife were not served with process. The decree shows and recites that process was duly executed as to the defendants ; they are defendants : and this Court will not look into the record for evidence of the fact of service : *Moore* v. *Holt*, 10 Gratt. 284.

An appellate court cannot reverse for error affecting a party who does not appeal, though the court may have had no jurisdiction to make the decree : *Tate* v. *Ligget at &c.* and *Ligget &c.* v. *Morgan*, 2 Leigh 84.

There was no motion in the court below to reverse the decree on the ground, that process was not executed, and no objection there made on that account, and the question cannot now be considered in this Court : *Gunn* v. *Turner*, 21 Gratt. 382 ; *Kincheloe* v. *Kincheloe*, 11 Leigh 393.

Besides these defendants, alleged not to have had pro-

cess in the court below, are here representing and urging a confirmation of the decree.

HAYMOND, JUDGE, delivered the opinion of the Court:

The bill in this cause was filed in the circuit court of Marshall county, by Harriet Ann Arnold, Evaline M. Arnold, Caroline Arnold and Virginia Arnold, infant children and a part of the legal heirs of Samuel Arnold, deceased, by their next friend, Friend E. Clark, against Melissa Arnold, widow of said decedent, Albert G. Arnold, Joseph Arnold, Adaline Reese, John Reese, Elizabeth Fish, Milton Fish, Julia Conkle, James K. P. Conkle, Roberta Arnold, now Roberta Homes, all of whom are also children and legal heirs of said decedent, except the husbands of the married females, to set aside the several following named deeds, purporting to be made by the said Samuel Arnold, deceased, on the 23d day of May 1874, and about ten days before his death, conveying lands in Marshall county to the following named persons, viz: A deed to Joseph Arnold for two hundred acres of land; a deed to Albert G. Arnold for two hundred acres of land ; a deed to Elizabeth Ann Fish for one hundred and fifty acres of land ; a deed to Julia Conkle for one hundred and fifty acres of land ; a deed to Adaline Reese for sixty-five acres of land ; a deed to Roberta Arnold (now Roberta Homes) for one hundred and eight acres of land ; upon the ground substantially that the said Samuel Arnold, the grantor, was, at the time said deeds were made by him, of unsound mind and mentally incapable of making any rational or legal disposition of said lands by deed or otherwise, and that said deeds were each and all without valuable consideration, and fraudulently and by undue means obtained and procured from the said decedent, while he was mentally incapable of making said deeds, and that they were and are therefore not his voluntary deeds. The bill further alleges that the said Samuel Arnold, deceased, was twice married; and that said deeds provide for each of

the children of his first wife, and leave the plaintiffs, his children by his second and last wife, unprovided for. The bill also claims, that the plaintiffs are entitled to have partition of said lands so conveyed among the legal heirs of said Samuel Arnold, deceased, and that they are each entitled to the one-tenth part thereof, &c., and that the widow's dower be assigned to her.

The defendants, Albert G. Arnold, Joseph Arnold, George Fish (sometimes called Milton Fish in the record), and Elizabeth his wife, James K. P. Conkle and Julia his wife, and Roberta Homes, on the first Monday in January 1878, filed their joint demurrer to the plaintiffs' bill, and for cause of demurrer assigned the following: "That complainants' bill is filed against the defendants above named, and Reese and wife, who claim title to the six several tracts of land under six several separate and distinct deeds of record from the same grantor, and of the same date, but having no relation to each other otherwise, nor any community of interest therein of any kind."

In this demurrer there was joinder by the plaintiffs. The same defendants who filed said demurrer, also filed their joint answer to the bill on the same day they filed their said demurrer, to which the plaintiffs filed their general replication. On the 22d day of June 1875 the cause was heard upon the said demurrer, and the demurrer was overruled by the court. Numerous depositions were taken in the cause, and afterwards, on the 12th day of December 1876, at a special term of said circuit court the following decree was made and entered, viz: "This cause came on this day to be heard on the bill and exhibits, process duly executed as to defendants, the answer of defendants and complainants' general replication thereto, the depositions heretofore filed in this cause, and six several deeds sought in the bill to be set aside. After arguments of counsel it is adjudged, ordered and decreed that the several deeds made by Samuel Arnold, deceased, on the 23d day of May 1874, to-wit: The deed to Joseph

Arnold, for two hundred acres of land, recorded in deed book No. 21, page 215; the deed to Albert Arnold for two hundred acres of land, recorded in deed book No. 21, page 216; the deed to Roberta Arnold for one hundred and eight acres of land, recorded in deed book No. 21, page 216; the deed to Julia Conkle for one hundred and fifty acres of land, recorded in deed book No. 21, page 217; the deed to Elizabeth Ann Fish for one hundred and fifty acres of land, recorded in deed book No. 21 page 217; the deed to Adaline Reese for sixty-five acres of land, recorded in deed book No. 21, page 214, copies of which are filed as exhibits with the bill marked A, B, C, D, E, F, and the originals being filed with the depositions, are each and severally hereby cancelled and annulled; and it is ordered, that partition be made of so much of said lands as are not included in the dower, this day assigned to Melissa Arnold by a decree in another suit pending in this court, into ten parts equal in quantity and value, and that one parcel be allotted to each of the children of Samuel Arnold named in the bill, plaintiffs and defendants, to be hereafter held by each of them in severalty; and J. P. Wayman, Everett Criswell, William Alexander, Wm. Lutes, Jr., and Van Kelly are hereby appointed commissioners to make said partition and allotment, after reasonable notice to the parties, defendants, or their counsel, and report how they have executed this decree to this court. And this cause is referred to a commisioner of this court to take and state an account of the rents and profits of the said lands and tenements, which have been received by the defendants, or either of them, or by any other persons, by their order or for their use, which have accrued since the death of the said Samuel Arnold to the date of their partition and allotment, and report to the court the amount thereof, and who and how much each defendant has had and received of said rental values, and the amount due from each defendant to complainants, and in like manner make report thereof to this court. And this cause is continued."

From this decree a part of the defendants have obtained an appeal to this Court.

The first question to be determined is: Whether the court erred in overruling the demurrer filed to the bill. The only cause assigned in the demurrer in the court below is that above stated. The point that the bill is multifarious in asking to set aside said deeds, and also for partition of the lands, was not made before the court below. It is true that the demurrer filed claims that the bill is multifarious and proceeds to assign specially the reason why it is multifarious, but it does not make the point that the bill is multifarous, because it asks both to set aside said deeds for the cause therein alleged, and for partition, &c. But in the case of *Deem* v. *Phillips et al.*, 5 W. Va. 168, a contract and deed were set aside on account of gross inadequacy of price, and on the ground of there being undue influence exercised in its procurement by a son upon his father, who was in extreme old age and bodily infirmity and mental weakness, and partition of the lands made on bill filed by a part of the heirs-at-law.

It seems to me, that the bill in this cause substantially alleges, that the procuring of said deeds and the making thereof were in fact but one and the same act; that the making of said deeds was in fact but one transaction. But in addition to this the first section of chapter 79 of the Code of this State and the first section of chapter 124 of the Code of Virginia operated a change very material in courts of chancery in matters of partition, in authorizing the court in the exercise of such jurisdiction, to take cognizance of all questions of law affecting the legal title, that may arise in any proceeding: *Currin et al.* v. *Spraull et al.*, 10 Gratt. 145; *Cosgray* v. *Core*, 2 W. Va. 353. After a careful consideration of the allegations of the bill and the authorities, my conclusion is, that the court did not err in overruling the demurrer filed to the bill. Another objection made and error assigned to the said decree of the circuit court is, that Adaline Reese

and John Reese, her husband were not before the court below, and that as one of the deeds set aside by the decree was from said Samuel Arnold to his daughter Adaline Reese, late Adaline Arnold and partition, &c., ordered, the decree was erroneous and should be reversed for this cause. But the said circuit court, in its said decree, ascertains and declares that the cause came on to be heard on the bill and exhibits, "process duly executed on defendants," &c. The circuit court thus ascertained, and recited in its decree, that process had been duly executed upon the defendants; and that is perhaps sufficient in the appellate court on an appeal, according to the principles settled in *Craig* v. *Sebrell*, 9 Gratt. 131; *Moore et al.* v. *Holt*, 10 Gratt. 284, and other causes in those cases cited, in support of the principle. But the said Adaline Reese and her husband John Reese were made defendants to the plaintiffs' bill and process issued against them; and a summons was also issued against them in this Court as appellees, and they have appeared by their counsel and attorney in this cause before this Court and filed their deed, acknowledged in due form, and caused the same to be made a part of the record of this Court in this cause, in which they declare, among other things, that they are in "interest with the plaintiffs' in the cause, and being entirely satisfied with the decree of the circuit court of Marshall county, of the 12th day of December 1876, and with all the proceedings thus far had in said circuit court, and it being alleged that our non-appearance and want of process in that court is made a ground of error in the Supreme Court, we do here declare that we were represented by counsel in said cause in said court, and we did then and there, and do now, for then and now, waive all process and notice of said suit; and we further release all errors, or supposed errors, that may have been made in the cause in the said circuit court of Marshall county; and we hereby appoint and constitute J. D. Ewing our true and lawful attorney, for us, and in our behalf, to make all such

appearance, acceptances of process, waiver of process, release of errors, and the like, as may be required of us in order to obtain an affirmation of the decree and proceedings had in said circuit court of Marshall county in said cause," &c.

Upon this release, so filed and made part of the record in this cause, the cause was heard by this Court, in connection with the transcript of the record of the cause, filed with the petition of the appellants for an appeal from the said decree of the circuit court. (See proceedings and order of this Court made at the hearing of this cause, June 12, 1877.) It does not appear from the bill, or other pleadings, that said Reese and wife were not residents of this State. The only matter having any bearing upon the subject is an entry made by the clerk of the court at December rules 1879, when the bill was filed, and that entry is, "and an order of publication taken against Adaline Reese and John Reese, her husband." It does appear in the evidence, that said Reese and wife were in the west at the date of the said deeds. The circuit court having in its decree ascertained and recited that the "process was duly executed as to the defendants," of which said Reese and his wife were a part, it seems to me that under the authorities above cited, and the case of *Mustard* v. *Wohlford's Heirs*, 15 Gratt. 329, and the principles therein established, and the circumstances and facts of this case, above stated by me, that the appellants cannot object that said Reese and his wife were not before the circuit court in said cause, at or before the rendition of said decree; although it nowhere appears in the transcript of the record before us, that they were served with process in the cause, except in and by the said recital in the said decree of the court which is appealed from.

This objection and assignment of error is therefore overruled in this cause.

The only questions now remaining to be considered and determined in the cause are first: Did the court err in

cancelling and annulling said six deeds, sought to be set aside by the bill, and in appointing commissioners to make partition of the lands, embraced in said deeds, as done in and by said decree ?

And second and lastly : Did the court err in its said decree, in referring the cause to a commissioner to ascertain and report the rents and profits of said land, &c., as it did in and by said decree ?

*As to the first question* : It appears that on the 19th day of March 1874, the said Samuel Arnold was suddenly stricken down with paralysis at his home in Wetzel county. That subsequently, on the 23d day of May 1874, in Marshall county at the house occupied by the defendants, Fish and wife, the said deeds were executed and acknowledged by said Samuel Arnold, before a justice of said county, and that most probably all the grantees in said deeds were present, except the said Adaline Reese and John Reese, her husband. The wife of said Samuel Arnold, who survived him, and her four infant daughters which she bore by him, were absent at their home in Wetzel county at the time ; and it does not appear that they had any notice or knowledge of the making of said deeds, until afterwards. That said Samuel Arnold was married twice during his life, and by his first wife he had the six children who are the grantees in said six several deeds ; and by his second wife he had four daughters, who, at the date of said deeds and the commencement of this suit, were infants, the youngest of whom being at the time about seven or eight years old, and the oldest about eighteen years old ; that said Samuel, at the date of said deeds, owned the lands in Marshall county embraced in said six deeds, on which all the grantees in said deeds, or most of them, except Reese and wife, resided as tenants of said Samuel and he (said Samuel) at the date of said deeds owned a tract or contiguous tracts of land situate in Wetzel county, containing in the aggregate six hundred or six hundred and fifty acres, of which some one hundred and fifty acres were cleared. That said Samuel, for some

years prior to his moving to his land in Wetzel county, occupied his said lands in Marshall county. That when said Samuel was so struck down with paralysis, he was at once thereby made entirely helpless in body and mind, and his power of speech was thereby utterly destroyed. That some days after he was so stricken, it became manifest that one side of the said Samuel, including his right leg and arm, was paralysed; that he thereby had no use of his said right arm or leg, but that he could use to some extent his left leg and left arm; that from the time he was so stricken until his death, which occurred on the 3d day of June 1874, about ten days after the date of said six deeds, by reason of said paralysis he could not use his said right arm or leg or speak a word; that he had no means of communicating with others, except by nodding his head for assent or shaking it for dissent, and pointing to or at things with his left hand. It does not appear that he ever walked or was at any time able to walk, after he was so stricken; that he sometimes sat in an armed chair, to which he was helped by others, and was sometimes pushed about in it. That before his said affliction he could read and write; that afterwards he could neither write nor speak a word, and in this condition remained until his death. That some few weeks, perhaps about three, before the date of said six deeds the defendants Joseph Arnold and Albert G. Arnold went from their homes in Marshall county, a distance of about twelve miles, to the home of their said father in Wetzel county, and took and hauled their father therefrom in a sled to the house of said Joseph, where he remained, so far as the record discloses, the most of the time until his death; that about the time the said deeds were made, the said Samuel was taken in a sled from the house of said Joseph to the house of said Fish and wife evidently for the purpose of making said deeds; that said Samuel was not taken back to his home in Wetzel county, after he was so taken therefrom, before he died. From the face of said deeds it appears, that

each was founded in contract and for a money consideration. The consideration of the deed to Joseph Arnold for two hundred acres of land is stated in the deed to him to be $50.00; and the proof is that the land was worth at least $30.00 per acre. The consideration stated in the deed to Elizabeth Ann Fish for fifty acres is stated in the deed to be $50.00; and the proof is that this land was worth over $30.00 per acre. The consideration stated in the deed to Roberta Arnold, now Roberta Homes, for one hundred and eight acres is stated to be $50.00; and the proof is that this land was worth about $30.00 per acre. The consideration stated in the deed to Albert G. Arnold is also $50.00; and the proof is that this land was worth $—— per acre. The consideration stated in the deed to Julia Conkle for one hundred and fifty acres is stated to be $50.00; and the proof is that this land was worth $30.00 and upwards per acre; and the consideration stated in the deed to Adaline Reese is $50.00; and the proof is that this land, containing sixty-five acres was worth about from $7.00 to $8.00 per acre. The consideration named in each of the deeds was and clearly is grossly in adequate, and below the actual value of the lands at the date of the deeds. The said Samuel at the time he was struck down by paralysis, it seems from the evidence, was about sixty-four years old. The evidence in the case tends to prove that the tract of land of said Samuel in Wetzel county was worth from $20.00 to $30.00, per acre. It does not appear that said Samuel made or attemped to make any disposition of any part of his Wetzel county land. From the evidence it would seem, that said Samuel at his death, and at the making of said six deeds had not sufficient personal estate and effects to pay his debts; but the extent of the deficiency does not distinctly appear in this case. Much evidence has been taken on the one side to prove and tending to prove, that said Samuel from the time he was stricken down with paralysis until his death was of unsound mind, and mentally incapable of making a deed, contract or will: and upon the other to

1877.
Special Term.

Arnold et al.
v.
Arnold et al.

prove and tending to prove the contrary. The witnesses, whose depositions were taken for and against the deeds, are so numerous, and their evidence so voluminous, that to attempt to analyze the evidence and discuss it minutely, would extend this opinion to an unreasonable length, and I deem it unnecessary to do more than state my conclusions from the whole case upon this branch thereof. While it seems to me, that within some several days after said Samuel was so struck down, he became somewhat better physically, especially as to his left side, and perhaps to some extent better mentally, still from the whole evidence, facts and circumstances disclosed by the evidence in this cause, I am of opinion, and it is my conclusion, that at the time said deeds were executed and acknowledged by the said Samuel, to-wit: on the 23d day of May 1874, the said Samuel Arnold deceased was not of sound mind, and was mentally incompetent to make said deeds or any of them, and that his mental disability was produced and caused by the paralysis, with which he was struck on or about the 19th day of March 1874. I feel so well satisfied in my opinion upon this subject, that I do not think it would be proper to refer the cause to a jury to determine the question of the mental competency of said Samuel Arnold, to make said deeds at the dates thereof. The evidence clearly shows, that these deeds were all made at the same time, and were all immediately acknowledged before the same justice, who had been provided for the purpose. The deeds were made under such circumstances, that their execution and acknowledgment, &c., constitute but one act or transaction, and should and must be so considered. It does not appear, that any money was paid, or contracted to be paid by any of the grantees in the deeds, to the said Samuel in consideration of the lands otherwise than from the face of the deeds. If the evidence on a question of fact in a suit in chancery, though various and conflicting, be such as ought to satisfy the chancellor's conscience as to the truth of the case, he need not

direct an issue to try the fact: *Samuel* v. *Marshall et ux.,
et al.,* 3 Leigh 567. This case is unlike the case of
*Greer* v. *Greers,* 9 Gratt. 330. In that case, as stated by
Judge Allen, in his opinion in the cause, the deeds ques-
tioned in the cause, contained an entire disposition of
the estate of the grantor, and stood in the place of, and
seem to have been regarded by the grantor, in the nature
of a disposition of his property ; and the Judge declared,
that such being the fact, "the principle which has been
applied to last wills in respect to the state of mind and
degree of capacity, sufficient to make a valid devise or
disposition of property, is equally applicable to the case
of this grantor." Judge Allen then proceeds and states
the law correctly, as it seems to be settled by the weight
of authority, as far perhaps as it can be, as to the state
of the mind and degree of capacity, sufficient to make a
valid devise or disposition of his property, ordinarily.
But my convictions from the evidence, facts and circum-
stances disclosed by the record in this cause are, that if
these deeds could be regarded in this case in the light of
wills, still they could not, and ought not to be, sus-
tained, but should be cancelled and annulled. Almost
every case of this kind must depend on the peculiar cir-
cumstances attending it. The facts in one case can but
rarely serve to illustrate another.

For the foregoing reasons, I think that the circuit court
did not err in cancelling and annulling each of said
six deeds; and according to the case of *Deems* v. *Phillips
et al.,* 5 W. Va. 168, it was not error in the court, after
annulling the said deeds, to proceed to appoint commis-
sioners to make partition of the lands.

*As to whether the court erred in its order of reference
to the commissioner :* As has been stated, the said Samuel
Arnold died on the 3d of June, 1874; and this suit was
commenced on the 26th of October 1874, a little over four
months afterwards; and there is nothing in the pleadings
or evidence in this cause showing, or tending to show,
that the defendants, or any of them, at any time after

the making of said deeds, made any lasting or valuable improvements on said lands, or any part of them, and it does not appear from the record that the appellants are, will or can be prejudiced by the form of said order as to rents and profits.

For the foregoing reasons I see no error in the said decree of the circuit court of the county of Marshall, rendered in this cause on the 12th day of December 1874; and the same must therefore be confirmed, which is done by and with the consent of the said Adaline Reese and John Reese, who appeared in this cause before this Court, by their attorney, J. D. Ewing, at the hearing thereof, as well as now, and waived the service of process upon the said Reese and wife, in this court, and the said Reese and wife, by their deed and by their attorney and counsel, consented to the affirmance of said decree by this Court. And the appellees must recover against the appellants $30.00 damages and costs about this appeal expended in this Court. And this cause is remanded to the said circuit court of Marshall county, for such other and further proceedings therein there to be had, as are in accordance with the principles and rules governing courts of equity.

DECREE AFFIRMED and cause remanded.