# CASES DETERMINED

## IN THE

# SUPREME COURT OF APPEALS

## OF WEST VIRGINIA,

AT THE JUNE TERM THEREOF HELD AT WHEELING, IN
THE COUNTY OF OHIO, COMMENCING ON THE FOURTH
DAY OF JUNE, 1879, AND ENDING ON THE NINTH
DAY OF JULY, 1879.

### NEASE *et. al. v.* CAPEPART, EX'R.

Decided July 9, 1879.

[MOORE, JUDGE, absent.]

1. Where an issue out of chancery is properly directed, and regularly tried, whether directed by the appellate or inferior court, and a verdict rendered by the jury, unless there is some sufficient ground for setting aside the verdict, it must be held to be conclusive of the facts submitted, and a decree should be rendered in accordance therewith.

2. Generally the depositions of witnesses, taken after the verdict to which there is no sufficient objection and before the decree, cannot be read upon the final hearing of the cause.

3. After the verdict is rendered upon an issue properly directed, the court cannot look at the record for the facts submitted in the issue, nor to the facts or evidence certified upon the trial of the issue,

1879
June Term.

Nease *et al.*
v.
Capehart, Ex'r.

but must accept the verdict of the jury for such facts, unless under the rules governing courts of equity in such cases it should set aside the verdict and grant a new trial. ·

4. The object in directing the issue is to satisfy the conscience of the chancellor, but that conscience must be satisfied with the verdict of the jury upon an issue properly directed, where no errors have been committed during the trial thereof either by the court or jury to the prejudice of either party.

5. If on the trial of an issue a court rejects evidence which ought to have been received, or receives evidence which ought to have been refused, though in that case a court of law would grant a new trial, yet if the Appellate Court is satisfied that, if the evidence improperly received had been rejected, or the evidence improperly rejected had been received, the verdict ought not to have been different; it will not grant a new trial merely upon such grounds.

6. If an exception is taken to the opinion of the court, excluding evidence, the exception must show the relevancy of the evidence, or it is no ground for reversing the judgment.

7. Where a question is propounded to a witness which is objected to, and the objection is overruled and an exception taken, but the exception does not state the answer of the witness, or that he answered the question, the Appellate Court will not on such an exception reverse the judgment.

8. A court cannot be required to certify the facts proved, where the evidence is conflicting.

9. Where a motion is made to set aside the verdict, and grant a new trial of an issue out of chancery, and the motion is overruled by the court, and the bill of exceptions certifies the evidence and not the facts proved on the trial, the Appellate Court will not reverse the decree and grant a new trial of the issue, unless by rejecting all the parol evidence of the exceptor, and giving full force and credit to that of the adverse party, the decision of the court in overruling the motion for a new trial still appears to be wrong.

10. The statute requiring of non-resident plaintiffs security for costs is constitutional.

Appeal from and *supersedeas* to a judgment of the circuit court of the county of Mason, rendered on the 20th day of April, 1876, in a cause in said court then pending, wherein M. Nease and others were plaintiffs and J. Capehart, executor, and others were defendants, allowed upon ° the petition of the said plaintiffs.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case :

About the year 1870, the original bill in this cause was filed in the circuit court of Mason county. Its object was to have it judicially determined that James Capehart, who at a sale under a trust-deed had bought two certain tracts of four hundred and twenty acres and one hundred and fifty acres, and to whom the trustee had conveyed the lands, bought the same for, and held the same under the conveyance in trust for the grantors in the trust-deed. Much evidence was taken in the cause ; and upon the hearing the court dismissed the bill. The complainants appealed from the decree, and this Court, coming to the conclusion that an issue ought to have been directed in the court below, reversed the decree and remanded the cause for the trial of the following issue ordered by this Court : " Whether before the sale of the tracts of land, one containing one hundred and fifty acres and the other four hundred and twenty acres, made on the 6th day of July, 1840, by Stribling, the trustee, to James Capehart, in the bill stated, it was agreed by him and Henry Capehart and Rogers, that James Capehart should purchase the two tracts of land for the benefit of Henry Capehart and Rogers, and hold them merely as security for the purchase-money paid by him therefor with interest." The case is reported in 8 W. Va. 95. The issue was tried in the circuit court, and on the 20th day of October, 1875, the jury rendered the following verdict : "We, the jury, find that before the sale of the tracts of land, one containing one hundred and fifty acres and the other containing four hundred and twenty acres, made on the 6th day of July, in the year 1840, by George W. Stribling, the trustee, to James Capehart, in the bill stated, it was not agreed by him, James Capehart, Henry Capehart and Nehemiah Rogers, that James Capehart should

purchase the two tracts of land for the benefit of Henry Capehart and Nehemiah Rogers, and hold it merely as security for the purchase-money paid by him therefor with interest."

On the trial of the issue seven bills of exceptions were signed by the court, which will be referred to in the opinion. On the 20th day of April, 1876, a final decree was entered as follows : " The case came on to be finally heard upon the papers heretofore read, and proceedings had therein, the verdict of the jury upon the issue heretofore directed in this cause, and the orders and proceedings made and had upon the trial of said issue, all of which have been certified to this court, upon the seven bills of exceptions taken by the plaintiffs to the rulings and opinions of the court had in the trial of said issue, and also certified to this court, and upon the depositions of S. S. Webster and C. W. Sager, taken by the plaintiffs and filed in the case since the last term of the court, to the reading of which depositions at the hearing of the cause the defendants objected,    *      *    and was argued by counsel. Upon consideration of all which the court is of opinion, that the plaintiffs are not entitled to the relief prayed for in their bill. It is therefore considered by the court, that the plaintiffs' bill be dismissed, &c."

From this decree the plaintiff's appealed.

*Tomlinson and Polsley,* for appellants, cited the following authorities:

8 Wall. 180; 12 Wall. 430; 1 Greenl. Ev. (10th ed.) 641, n. 1; 2 M. & Rob. 238; 12 Leigh 147; Adams Eq. 376, 377, 378 and notes; Story Eq. Jur. §§1479, 1479a and note; 2 Dan. Ch. Pr. 1146; 11 Wall. 610; 15 Wall. 471, 475; 3 Story R. 746, 747; 9 Gratt. 308; 11 Gratt. 752; 10 Leigh 628; Code W. Va., ch. 130, §35; 5 Leigh 197; Barton's Suit in Eq. 148; 1 Wash. 336; 5 Call 537.

*Smith and Knight,* for appellees, cited the following authorities:

8 W. Va. 133 ; Greenl. Ev., §101, n. 2; *Id.* §147 ;
Starkie Ev. §§35–44 ; 5 Gratt. 168 ; 8 W. Va. 133 ; 7
W. Va. 723, 724 ; *Id.* 78 ; 22 Gratt. 191, 192 ; Code
1868, p. 627, §15 ; Code Va. 1860, p. 733, §15.

*William A. Quarrier,* for appellees :

1. The court will not set aside a verdict upon an issue
out of chancery for technical errors in the admission or
rejection of testimony ; in this respect it differs from a
verdict in any ordinary law case. *Henry* v. *Davis,* 7 W.
Va. 720 ; *Barker* v. *Ray,* 2 Russ .R.

2. If the circuit court erroneously require security for
costs, and the complainant gives the security, this is not
such error as will reverse the case. *Vance* v. *McLaugh-
lin,* 8 Gratt. 289 ; *Culpepper* v. *Genett,* 20 Gratt. 520;
Barton's Practice 397.

3. A parol trust cannot be proven by the "general un-
derstanding in the country." *Johnson* v. *Jennings,* 10
Gratt. 1 ; *Carlton, Chamberlin & Co.* v. *Mays & Co.,* 8
W. Va. 245 ; 2 Wharton's Ev., §§1037, 1032 ; 1 Greenl.
124.

4. The declarations of a dead person, while he was in
possession of land that he claimed it as his own, cannot
be given in evidence against a stranger; it is only
declarations reducing his interest below a fee that can be
given, declarations that are *in invitum* or *self disserving.*
Wharton's Ev. §§236, 1156.

5. A complainant cannot be examined as a witness to
a conversation that occurred between the ancestor of the
defendants, with his co-plaintiffs, relative to the subject-
matter of the suit. Wharton's Ev., §§466–470 and
notes.

6. If an improper question is allowed to be asked a
witness by the circuit court, and if the bill does not show
that he answered, and what the answer is, this court will
not reverse. *Johnson* v. *Jennings,* 10 Gratt. 1 ; 25 Gratt.
887.

7. If the evidence is certified, and not the facts proven,

1879
June Term.

Nease et al.
v.
Capehart, Ex'r.
an Appellate Court in reversing the action of the circuit court in refusing a new trial in an issue out of chancery, will disregard all the evidence of the exceptor and will not disturb the verdict, if it is sustained by the evidence of the appellees. *Henry* v. *Davis*, 7 W. Va. 715; *Lamberts* v. *Cooper*, 29 Gratt. 61.

8. When the evidence is conflicting the Appellate Court will not disturb the verdict. 3 Leigh 436; 7 W. Va. 665; 2 Gratt. 18; 6 Gratt. 712; 7 W. Va. 715.

9. An appeal will not lie where the circuit court refuses to sign a bill or signs an improper bill. The remedy is by *mandamus*. *Douglass et al.* v. *Loomis*, 5 W. Va. 542; *Jackson* v. *Henderson*, 3 Leigh 234; *Taliaferro* v. *Franklin*, 1 Gratt. 332.

10. When the evidence is conflicting, the circuit court ought to refuse to sign any bill on the overruling of a motion for a new trial. *Taliaferro* v. *Franklin*, 1 Gratt. 332; *Grayson's case*, 6 Gratt. 712; *Burks* v. *Callaway*, 12 Leigh 466; *Rennick* v. *Carrell*, 4 W. Va. 627.

JOHNSON, JUDGE, delivered the opinion of the Court:

It is insisted by counsel for appellants, that the Court should, notwithstanding the verdict of the jury, upon the final hearing, have looked into the whole record, and decreed in favor of the complainants, as according to their claim the two depositions taken and returned after the verdict was rendered, but before the decree was pronounced, showed a preponderance of evidence in behalf of the complainants.

Before the first appeal was taken, as ascertained by this court, it was the duty of the court below upon the hearing to have directed an issue, as the evidence was so conflicting as to make it impossible for the court to decide the question of fact satisfactorily. 8 W. Va. 133; *Arnold* v. *Arnold*, 11 W. Va. 449; *Jarrett* v. *Jarrett*, *Id.* 584; *Cranmer* v. *Anderson*, *Id.* 562; *McFarland* v. *Douglass*, *Id.* 637.

Syllabus 1.      Where an issue out of chancery is properly directed

and regularly tried, whether directed by the Appellate or inferior court, and a verdict rendered by the jury, unless there is some sufficient ground for setting aside the verdict, it must be held to be conclusive of the facts submitted, and a decree should be rendered in accordance therewith.

In *Carter* v. *Campbell*, Gil. 159, it was held: " In a case proper for an issue the verdict is conclusive, where the evidence is conflicting." In *Paul et al.* v. *Paul*, 2 H. & M. 525, it was held, that, " the court, before whom an issue out of chancery was tried, having been satisfied with the verdict of the jury, and having overruled a motion for a new trial, to which opinion no exception was taken, the verdict ought forever to remain undistured." In *Lee's ex'r* v. *Book*, 11 Gratt. 182, it was held : " where an issue is directed in a chancery cause, and a verdict is found to which no exception is taken, and a decree is rendered thereon, the facts found in the verdict must be regarded in the Appellate Court as the established facts of the case." To the same effect is *Fitzhugh's ex'rs* v. *Fitzhugh*, 11 Gratt. 210.

It would be absurd to say that in a certain cause it was error not to direct an issue; and when that issue had been directed and regularly tried, and no errors committed in the trial thereof, and the verdict of the jury rendered thereon and properly not set aside by the court, that the court below erred in accepting the verdict of the jury as conclusive of the facts submitted, and in decreeing accordingly. If after verdict has been rendered there be after-discovered evidence, the chancellor may set aside the verdict for such cause under the rules applicable in such cases. Generally the depositions of witnesses taken after the verdict, to which there is no sufficient objection, and before the decree, can not be read upon the final hearing of the cause, because if that principle were admitted, it would be a needless waste of time to try the issue, and would be a premium put upon the grossest

1879
June Term.

Nease et al.
v.
Capehart, Ex'r.

Syllabus 2.

1879
June Term.

Nease et al.
v.
Capehart, Ex'r.

Syllabus 3.

Syllabus 4.

Syllabus 5.

negligence. There is nothing in the record to take this cause out of the general rule.

After the verdict is rendered upon an issue properly directed, the court cannot look at the record for the facts submitted in the issue, nor to the facts or evidence certified upon the trial of the issue, but must accept the verdict of the jury for such facts, unless under the rules goveening courts of equity in such cases it should set aside the verdict, and grant a new trial.

It is true that the object of directing the issue is to satisfy the conscience of the chancellor; but that conscience must be satisfied with the verdict of the jury upon an issue properly directed, where no errors have been committed during the trial thereof, either by the court or jury to the prejudice of either party. *Henry* v. *Davis,* 7 W. Va. 715; S. C., 13 W. Va. 230.

The first, second, third and fourth exceptions are to the rulings of the court in refusing to permit certain evidence to be admitted to the jury.

The principles, upon which a court of equity directs a new trial of an issue, are somewhat different from those which govern a court of law in granting new trials. "It has been held over and over again (says the Ld. Chancellor in *Barker* v. *Ray,* 2 Russ. 63) that if on the trial of an issue a judge reject evidence which ought to have been received, or receive evidence which ought to have been refused, though in that case a court of law would grant a new trial, yet if this court is satisfied that if the evidence improperly received had been rejected, or the evidence improperly rejected had been received, the verdict ought not to have been different, it will not grant a new trial merely upon such grounds." This principle was approved by this Court in *Tompkins's ex'rs* v. *Stephens et al.,* 10 W. Va. 156. The evidence refused, as appears by the first bill of exceptions was, " that it was the general understanding in the community that James Capehart did hold the said Rogers land in trust for said Nehemiah Rogers and his heirs." That refused as appears

by the second bill of exceptions was, that said Nehemiah Rogers while in the possession of the land "claimed to be the owner thereof;" and by this means it was attempted to show that said James Capehart merely held the same in trust. The evidence refused as appears by the third bill of exceptions was substantially the same as appears by the second bill.

Looking at the evidence as certified in the sixth bill of exceptions, the verdict should not have been changed by the introduction of the refused testimony. The evidence was clearly inadmissible by the most elementary rules of evidence. If Rogers had been living, he certainly could not have been permitted to testify that he claimed to own the land, to show his title thereto; and certainly his declarations to that effect are inadmissible. There was absolutely no excuse for undertaking to prove title to the property in Rogers by showing what the "general understanding in the community" was with reference thereto.

Bill of exceptions No. 4, attempts to raise the question, whether one of the plaintiffs could testify to conversations had between James Capehart, deceased, and the brothers and sisters of witness who were co-plaintiffs, such conversations not being addressed to witness but to his brothers and sisters in his presence and hearing. The bill states that "the plaintiffs in order to maintain the issue upon their part produced Charles Rogers, one of the plaintiffs, who was duly sworn as a witness, and after proving by him that his brothers and sisters, co-plaintiffs in this suit, had all gone west, and that his understanding was that they had land there, offered to prove by said witness that James Capehart, deceased, had told them to go, and all that Capehart, deceased, said upon that occasion in his, witness's, presence and hearing; and that it was not a transaction had personally by witness with said Capehart, deceased, but a transaction between the deceased and his, witness's brothers and sisters in witness's presence. To which the defendant, James Cape-

hart, executor, objected, which objection, being argued and submitted to the court, was sustained by the court, and the plaintiffs not allowed to prove the same." To which ruling the plaintiffs excepted, &c.

This bill of exceptions is fatally defective, and does not raise any question for the decision of this court. It does not appear, what the evidence offered was, except that James Capehart, deceased, had told the brothers and sisters of witness to go west. The relevancy of this declaration is not shown; nor does it appear what other declarations of Capehart were proposed to be introduced. We must presume, in the absence of evidence to the contrary appearing in the record, that the court properly refused to admit the evidence. The bill of exceptions does not show that the evidence in any way related to the issue. If it had been set out and appeared to be relevant, then the question, whether it could have been proved by *this* witness, would have been fairly raised; but as it does not so appear, we cannot consider the question. *Johnson's ex'r* v. *Jennings, adm'r*, 10 Gratt. 1.

The fifth bill of exceptions shows, that the plaintiffs introduced Henry Capehart as a witness, who was examined in chief and cross-examined, and, to lay the ground for proving that a contradictory statement had been made by the witness, he was asked, whether he had not said to one G. B. Rayburn on a previous occasion: "That James Capehart, executor of James Capehart, deceased, had agreed that he would settle with him (witness) for his claim against said executor on account of the sale of the coal underlying the one hundred and fifty acre tract of land to Samuel Coit, if the Rogers heirs gained their suit." To which he answered that, "he had not said that, but had said to said Rayburn that said James Capehart, executor, &c., had agreed that he would settle with him (witness) for that claim, when the Rogers suit was decided." And thereupon the defendant James Capehart, executor, &c., produced said G. B. Rayburn as a witness, who after being duly sworn, was asked by the said 'de-

fendant, "whether said Henry Capehart had not told him (Rayburn) that James Capehart, executor, &c., had agreed that he would settle with him (Henry Capehart) for his claim on account of the sale of coal, &c., if the Rogers heirs gained the suit?" To which question the plaintiffs objected, and said objection, being argued and submitted to the court, was overruled, and the court directed the defendant's counsel to put the question to the witness, in that form, stating and ruling that the proper way in this instance to prove that a contradictory statement had been made by the witness intended to be contradicted was, to put the particular words intended to be proved to the witness called to prove the contradictory statement. To which rulings and opinions the plaintiffs excepted, &c. The exception does not state the answer of the witness, or that he answered the question. The bill of exceptions is fatally defective.

<em>1879<br>June Term.<br>Nease et al.<br>v.<br>Capehart, Ex'r.</em>

Where a question is propounded to a witness which is objected to and the objection is overruled and an exception taken, but the exception does not state the answer of the witness, or that he answered the question, the Appellate Court will not on such an exception reverse the judgment. *Johnson's ex'r* v. *Jennings adm'.r*, 10 Gratt. 1; *Stoneman's Case*, 25 Gratt. 887.

<em>Syllabus 7.</em>

The seventh bill of exceptions was to the refusal of the court to certify the "facts proven" instead of the evidence, as was done. There is nothing in this exception. The evidence certified shows that there was great conflict in the testimony, and it would have been impossible to have certified the "facts proved," and the court was not by law in such a case required to attempt to do so.

<em>Syllabus 8.</em>

The sixth bill of exceptions is to the judgment of the court in overruling the motion for a new trial. The evidence in said bill is all certified.

Where a motion is made to set aside the verdict and grant a new trial of an issue out of chancery, and the motion is overruled by the court, and the bill of exceptions cer-

<em>Syllabus 9.</em>

tifies the evidence, and not the facts proved on the trial, the appellate court will not reverse the judgment and grant a new trial of the issue, unless by rejecting all the parol evidence of the exceptor, and giving full force and credit to that of the adverse party, the decision of the court in overruling the motion for a new trial still appears to be wrong. *Henry* v. *Davis*, 7 W. Va. 715 ; *Lamberts* v. *Cooper*, 29 Gratt. 61. Upon a careful review of the evidence as certified, and applying the above rule, I think the court was fully justified in overruling the motion for a new trial.

It is insisted that the court erred in requiring additional security for costs. Upon the return of the rule against the plaintiffs to show cause why they should not give additional security for costs, the plaintiffs moved to quash the rule, on the ground that the law requiring a non-resident plaintiff to give security for costs is unconstitutional. The court overruled the motion to quash, and required the security to be given; and it was given under protest. If this was error at all, it was not such an error to the prejudice of the plaintiffs, the security having been given, as would justify a reversal of the decree. But the law requiring non-resident plaintiffs to give security for costs is constitutional. This is the first time the constitutionality of the law has been called in question in this State, or elsewhere as far as I know. The cases in 8 Wall. 180, and 12 Wall. 430, cited by counsel for appellants, have no bearing on this question. It would be a sad state of affairs, if the law could not protect the officers of the court as to their fees against parties who are not within the jurisdiction of the court.

For the foregoing reasons we see no error in the decree of the circuit court of Mason county rendered in this cause; and it is affirmed with costs and $30.00 damages.

JUDGES HAYMOND AND GREEN CONCURRED.

JUDGMENT AFFIRMED.