# Wytheville.

## JOSLYN V. STATE BANK OF HARTFORD.

### July 4th, 1889.

1. DECREE—*Prima facie correct.*—Decree of court of competent jurisdiction is always presumed to be right until the contrary is shown, and party in appellate court alleging error, must show it in the regular way. *Harman* v. *Lynchburg*, 33 Gratt., 43.
2. IDEM—*Bill of exceptions.*—Where jury is waived and the whole matter of law and fact submitted to the court, there must be a bill of exceptions spreading the evidence on the record, and showing the exact ground of complaint. *Lee* v. *Boak*, 11 Gratt., 182.
3. CHANCERY PRACTICE—*Bill of interpleader—Case at bar.*—In attachment in equity, bill of interpleader was filed by trustee claiming what was due from garnishee to defendant. Decree dismissing the bill will not be disturbed on appeal, when there is no bill of exceptions, no certificate of evidence, no authenticated copy of trustee's appointment, and no intimation of what documents were read or rejected; but it appears that depositions were inserted in the record after the decree was rendered, the decree not alluding to them, yet stating that the evidence was heard.

Appeal from decree of hustings court of city of Roanoke, rendered December 19, 1887, on a petition of interpleader filed in the attachment suit of the State Bank of Hartford against George M. Bartholomew and others, by Charles M. Joslyn, trustee of Bartholomew, claiming whatever might be found due to Bartholomew from any of the garnishees. The decree dismissed the petition, and Joslyn appealed. Opinion states the case.

*Penn & Cocke*, for the appellant.

*Phlegar*, *Berkeley & Johnson*, for the appellee.

HINTON, J., delivered the opinion of the court.

In this suit the appellant, Charles M. Joslyn, pursuant to the provisions of section 25, ch. 148, Code 1873, filed his petition, claiming that he was the duly appointed and qualified trustee of the estate of the said Bartholomew under the insolvent laws of the state of Connecticut, and that he was entitled, as such trustee, for the benefit of the general creditors of Bartholomew, to whatever debts may have been due from the garnishees in said suit, or any of them, to said Bartholomew, on the 29th day of September, 1886, the date of his appointment.

Thereupon, as appears from the recitals in the decree, a jury was waived by both parties, the *evidence* was heard, and the court rendered its decree adjudging and decreeing that the said Charles M. Joslyn, trustee, had had "no title to, lien upon, or interest in the funds, debts, and effects attached in the cause," and dismissed his petition. With the petition there seems to have been filed a certificate of the clerk of the court of probate for the district of Hartford, in the state of Connecticut, but no record of his appointment authenticated as our statute directs. And this constitutes, so far as we have been able to discover, all of the record which relates to the original judgment. For, while the printed record contains sundry other papers as well as the depositions of witnesses, yet the date on which these papers are certified to by the judge and clerk of the probate court of Hartford—namely, *the 13th day of February*, 1888—shows that they were not introduced into the record until after the decree had been rendered; and the failure of the decree to allude to the depositions, while it expressly states that *the evidence was heard*, would seem to indicate that the depositions at least were not read or considered by the court upon the trial of the issue at law.

In this state of the record, with no bill of exceptions, no

certificate of evidence, and no intimation of what documents were read, or what were offered and rejected, is it not plain that we cannot undertake to say that the decree of the lower court is wrong? Indeed, on the contrary, perceiving what the action of the court was, and not being able to discover that it is wrong, must we not presume that it was right? This is the rule adopted by the appellate court in such cases. The judgment of a court of competent jurisdiction, this court said in *Harman* v. *City of Lynchburg*, 33 Gratt., 43, is always presumed to be right until the contrary is shown, and a party in the appellate court, alleging error in the court below, must show it in the regular way, or the presumption in favor of its correctness must prevail.

The issue in a case like the present, where a party interpleads and claims the property, is analogous to the ordinary issue out of chancery; and in such case, the law is well settled that the judgment of the court is conclusive, unless there be a bill of exceptions spreading the evidence in the record and showing the exact ground of complaint. And in this respect there can be no difference between the case where there has been a verdict and the case where the whole matter of law and fact has been submitted to the court: for properly speaking the appeal is *always* from the judgment of the court and not from the verdict of the jury. *Wickham & Gosham* v. *Lewis, Martin & Co.*, 13 Gratt., 446. In each case there must be a bill of exceptions pointing out the alleged error, and a certificate of evidence showing what testimony was before the court or jury. *Paul* v. *Paul*, 2 H. & M., 525; *Lee's Ex'or* v. *Boak*, 11 Gratt., 182; Bart. Chy., 857, *et seq.* And in such cases, inasmuch as depositions cannot be regularly read even on the trial of an issue directed by the chancellor himself, unless by his special order, it cannot be assumed that such depositions were read, although they may appear as a part of the printed record of the chancery cause.

These views are, in our judgment, decisive of the case.

There being no exception to the judgment of the court, and no certificate of evidence showing what was before the court, the decree rendered on the judgment of the hustings court of Roanoke city must be presumed to be right, and must be affirmed.

DECREE AFFIRMED.