Marshall's Ex'rs, *v.* Marshall's Ex'rs *et al.*

Decided October 29, 1881.

*(Patton, J., Absent.)

1. After a verdict is rendered upon an issue properly directed, the court cannot look at the record for the facts submitted in the issue, nor to the facts or evidence certified upon the trial of the issue, but must accept the verdict of the jury for such facts, unless under the rules governing courts of equity in such cases it should set aside the verdict and grant a new trial.  The verdict must be responsive to the issue directed, otherwise the court has not before it the very facts, to ascertain which the issue was directed.

*Cause submitted before Judge P. took his seat.

2. Where an issue has been properly directed, and the verdict is not responsive thereto, it must be set aside and a new trial granted.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Jefferson rendered on the 1st day of November, 1876, in a cause in said court then pending, wherein the executors of John Marshall were plaintiffs, and the executors of P. Marshall were defendants, allowed upon the petition of said defendants.

Hon. John B. Hoge, judge of the third judicial circuit, rendered the judgment appealed from.

JOHNSON, PRESIDENT, furnishes the following statement of the case:

In September, 1868, John Marshall filed his bill of interpleader in the circuit court of Jefferson county alleging, that his brother Phineas Marshall died leaving a will; that a short time previous to his brother's death he had a settlement with him, in which he was found indebted to his brother in the sum of $869.63; that at that time his brother stated to him, that he wished to give his nephew and namesake, Phineas Marshall, a bond of $1,000.00, and to accomplish this arrangement the complainant executed to said Phineas Marshall, his brother, a bond of $1,000.00, and his brother executed to him his bond for the difference amounting to $130,37. The nephew, Phineas Marshall, was sent for, and the arrangement was made known to him. The gift was subject to the condition, that the donee was to pay to the donor the interest on the bond for his life, after his death to Elizabeth Comegys during her life. The arrangement was so far perfected, that the bond was duly endorsed for delivery by said Phineas Marshall, and a covenant executed by Phineas P. Marshall, the nephew, to account for the interest as above set forth; that the said nephew, who was a soldier in the Confederate army, was in the morning to call and get the bond; but he was compelled to leave his father's house, and did not return until after the death of his uncle, Phineas Marshall; that by the will of said Phineas Marshall John W. Marshall and William A. Marshall were appointed executors; that a short time after the death of the brother William A. Marshall before his qualification as executor took possession of the papers of the

testator, and after retaining them a short time professed to return all that he had taken away, but requested the widow, to whom he returned the papers, not to mention the fact, that he had taken the papers away. This is the only mode in which complainant can account for the fact, that the said bond of $1,000.00 so executed by complainant is now found in the possession of said William A. Marshall, not claimed by him as executor but claimed by him individually by virtue of an assignment to him written on the back of said bond over the genuine signature of the said testator, as evidence of its transfer as aforesaid to Phineas P. Marshall. The said William is claiming the said bond as his individual property, and the said Phineas P. is claiming the same as his. It has been suggested, that complainant executed two bonds of $1,000.00 each to his brother Phineas Marshall, and that each of the claimants might rightfully claim one; but this suggestion is utterly without foundation. He prays, that the proper parties may be made defendants to the bill, and that the said two claimants to said bond may bring forward their respective claims to said bond, and that the court will settle by its decree to whom it rightfully belongs.

William A. Marshall answered this bill, and in his answer he avers, that his testator had a few months before his death two bonds for $1,000.00 each, executed by the complainant, John Marshall; one of them endorsed to Phineas P. Marshall and the other to respondent. He further avers, that the testator himself delivered to him the $1,000.00 bond in dispute, and that he has had it in his possession ever since : that when he received it the assignment was written just as it now is. He admits, that what is written over the signature is not in the testator's handwriting. Respondent says he supposed, and was informed both by the testator and complainant, that the other bond had been delivered to Phineas P. Marshall. He denies, that he extracted any papers when he received them before his qualification as executor, but avers, that he returned them just as he had received them, and denies, that he told the widow not to mention the fact, that he had taken the papers. He insists that there were two bonds of $1,000.00 each executed by the complainant to the testator.

The record shows, that Phineas P. Marshall also answered the bill, but his answer is not on the record.

A large amount of testimony was taken in the cause, and the evidence was so conflicting, that the court directed the following issues to be tried by a jury:

"1st. Is the assignment on the bond mentioned in the bill and produced in court fraudulent and inoperative to convey title to the ostensible assignee, William A. Marshall?"

"2d. If so, is that bond the property of Phineas P. Marshall as a gift from his late uncle, Phineas Marshall?"

"3d. Whether the decedent, Phineas Marshall, on the 20th day of February, 1862, or at any time prior to his death, held as obligee against the complainant, John Marshall, two valid and subsisting bonds, each for $1,000.00, or but one valid and subsisting bond for $1,000.00?"

The verdict of the jury upon said issues was as follows: "We, the jury, find upon the issues submitted to us as follows: First, that the assignment on the bond for $1,000.00 in the bill mentioned, and produced before us, was inoperative to carry title to the ostensible assignee, William A. Marshall; secondly, that said bond for $1,000.00, executed by John Marshall and dated February 20th, 1862, is rightfully the property of Phineas P. Marshall; thirdly, that Phineas Marshall, deceased, did not have in his possession as owner two valid and subsisting bonds at the same time for $1,000.00 each against the complainant, John Marshall."

*William H. Travers* for appellant, W. A. Marshall, cited the following authorities: 2 Rob. (old) Pr. 352; 4 Call 416; 5 Munf. 219; Gilm. 159; 1 Wash. 156; Code, ch. 131, § 4; Code of Va. (1860), ch. 177, § 4; 3 Greenl. Ev., § 266.

*Daniel B. Lucas,* for appellees, cited 11 Gratt. 210; *Id.* 585; *Id.* 637.

JOHNSON, PRESIDENT, announced the opinion of the court:

After carefully examining the depositions in the case at the time the issues were ordered it appears to us, that there was such a conflict of the evidence, that the decree directing the issues in this cause was proper. It is not contended by either party, that it was not. The precise issues ordered in this cause under the pleadings and proof were also proper. The question of fraud presented to the jury struck at the very

foundation of the claim of the defendant, William A. Marshall, and was a very pertinent enquiry. So as to the second issue ordered; because, while the bond might not by reason of fraud be the property of William A. Marshall, it might not be the property of Phineas P. Marshall. The appellant does not complain of the issues ordered, but he does complain, that the verdict of the jury is not responsive to the first or second of said issues, and claims, that for that reason a new trial ought to have been granted. In *Nease et al.* v. *Capehart's ex'r*, 15 W. Va. 299, it was held, that after a verdict is rendered upon an issue properly directed, the court cannot look at the record for the facts submitted in the issue, nor to the facts or evidence certified upon the trial of the issue, but must accept the verdict of the jury for such facts, unless under the rule governing courts of equity in such cases it should set aside the verdict and grant a new trial. This being true, the verdict must be responsive to the issue directed, otherwise the court has not before it the very facts, to ascertain which the issues were directed. Where the issue is properly directed, and the verdict of the jury is not responsive thereto, the verdict ought to be set aside and a new trial granted.

The main question submitted in the first issue was, whether the assignment to W. A. Marshall of the $1,000.00 bond was *fraudulent*, and *consequently* inoperative to give title to the said W. A. Marshall. The jury did not respond to the question of fraud at all; they only said, that the said agreement was *inoperative* to give title to said W. A. Marshall. For what reason they regarded it as inoperative, we are left to conjecture. The jury clearly did not respond to the said issue. Neither did the jury respond to the second issue : Whether if said assignment was fraudulent, the bond was the property of Phineas P. Marshall *as a gift* from his late uncle Phineas Marshall. The jury found simply, that the bond was the property of Phineas P. Marshall; they do not pretend to say, whether by gift or otherwise. From the pleadings, and from the conflicting testimony, so conflicting that the court could not undertake to ascertain the fact, whether said bond was a gift from the uncle to the nephew, the court had the right, and under the circumstances it was its duty, to direct the issue

to the jury to ascertain, whether there was such gift. To this issue the jury did not attempt to respond.

The decrees of the circuit court must be reversed with costs; and the verdict of the jury must be set aside, and a new trial had upon the issues directed, the costs of the former trial to abide the event of the suit.

JUDGES HAYMOND AND GREEN CONCURRED.

DECREES REVERSED. CAUSE REMANDED.