# SPRING-SPECIAL TERM.

## CHARLESTON.

### DeVaughn v. Hustead.

Submitted February 1, 1886.—Decided March 27, 1886.

1. Upon a bill filed to set aside a written contract for the purchase of
   land or to obtain an abatement of the purchase-money on ac-
   count of deceit and false and fraudulent representations by the
   vendor, when the answer positively denies the allegations of
   fraud and deceit, and the testimony greatly preponderates in favor
   of the defendant, it is error to direct an issue out of chancery to
   a jury to determine whether or not there were such deceit and
   fraudulent representations.

2. If, however, the circuit court does direct an issue in such cause to
   the jury to enquire: *First.*—Whether the plaintiff knew, when
   he made the purchase, that certain specified improvements were
   not a part of the land purchased? *Second.*—Whether or not at
   the time of the purchase the defendant made any representations
   or by any reasons induced the plaintiff to believe said improve-
   ments were a part of the land? And *third.*—Whether the plain-
   tiff purchased said land *bona fide* under a mistake that said im-
   provements were included in the land purchased? And the jury
   finds the *first* and *third* enquiries for the plaintiff and the *second*
   for the defendant, the court should upon such findings dismiss
   the plaintiff's bill; but if instead of doing so it grants relief to
   the plaintiff, this Court will reverse the decree and. dismiss the
   bill.

*Leonard & Caldwell* for appellant.

*John A. Hutchinson* for appellee.

Snyder, Judge :

In July, 1871, Thompson DeVaughn exhibited his bill in the circuit court of Wood county against John Hustead and the sheriff of said county, in which the plaintiff avers, that on March 2, 1869, he purchased from the defendant, Hustead, the undivided half of a boundary of about 316 acres of land in said county at the price of $5.00 per acre to be paid as follows: $200.00 June 1, 1869, $295.00 June 1, 1870, and the residue of $295.00 June 1, 1872, and that they entered into a written agreement to that effect, in which Hustead bound himself to convey said land to the plaintiff by deed with general warranty of title ; that when the said first instalment of the purchase-money became due he paid the same ; that a part of said land was improved and had a house and orchard upon it which constituded the chief value of the land and was the main inducement to the purchase; that in July, 1870, he discovered that Jones and Morgan owned about seventy-five acres of said land including all the said improvements and that the same were not embraced in the boundaries set forth in the said written agreement between him and Hustead, and that, consequently, he did not obtain said seventy-five acres of land and improvements according to the true intent and meaning of his purchase, by reason whereof he has been grossly defrauded, and has lost by his failure to obtain said seventy-five acres and improvements the sum of $375.00 ; that Hustead has brought suit and recovered a judgment for said second installment of the purchase-money and there is now an execution in the hands of the sheriff against him for the same; that Hustead has been guilty of fraud and gross deceit, that he has no property in this State and is a non-resident. The plaintiff therefore prays, that said execution may be enjoined ; that said agreement for the purchase of said land may be rescinded and the money already paid refunded to him, or that the purchase-money may be abated to the amount of the loss sustained by the plaintiff in the premises, and that he may have general relief, &c.

An injunction was awarded as prayed for in the bill.

Hustead answered the bill denying specifically and positively, that there is any deficiency in said land, or that the

improvements mentioned in the bill were intended to be included in the sale, or that there was any deceit, fraud or mistake in the said sale.     The answer was replied to generally.

Depositions were taken and filed by both the plaintiff and the defendant, Hustead, and on July 24, 1874, the court entered the following decree :

" The court being of opinion that the evidence in this cause is conflicting as to the allegations in the bill of fraud and mistake, and that an issue is proper to be directed in this cause, it is ordered that an issue is hereby directed to be tried by a jury.

First.—Whether the plaintiff, Devaughn, knew when he purchased the undivided interest of Hustead in the land in the bill mentioned, that the orchard, house and other improvements were not embraced within the boundaries of said land ?

Second.—Whether or not at the time of the purchase by Devaughn of the one undivided half interest in said land from John Hustead, the said Hustead made any representations or by any reasons induced said Devaughn to believe that said lands embraced the said orchard, house and other improvements in the bill mentioned ?

Third.—Whether the plaintiff purchased said interest in said land, *bona fide* under a mistake that said lands included the said orchard, house and other improvements?     And on the trial of said issue, the bill and answer, exhibits and depositions may be read and other evidence introduced."

On the trial the jury found the first and third of said issues for the plaintiff and the second for the defendant Hustead. The court then referred the cause to a commissioner to report the value of the land and improvements which the plaintiff believed he had purchased but which were not included in the purchase.     The commissioner reported said value at $409.25.     To this report the defendant Hustead excepted upon various grounds and among them, that the issue was improperly directed.     The court, by its decree of May 28, 1881, overruled all of said exceptions, confirmed the report and perpetuated the injunction as to said sum of $409.25. From this decree and that of July 24, 1875, the defendant, Hustead, obtained this appeal.

The law in respect to issues out of chancery, the rules governing the same, when it is proper or improper to direct them, and the power of this Court to review orders and decrees in reference thereto, are too well settled by the decisions of this Court to require any review or re-statement of the rules and principles thus declared and settled. *Anderson* v. *Cranmer*, 11 W. Va. 562; *Jarrett* v. *Jarrett*, 11 W. Va. 585; *Powell* v. *Batson*, 4 W. Va. 610; *Henry* v. *Davis*, 7 W. Va. 715; *Nease* v. *Capehart*, 8 W. Va. 95; S. C, 15 W. Va. 299; *Marshall* v. *Marshall*, 18 W. Va. 395; *Setzer* v. *Beale*, 19 W. Va. 274; *Vangilder* v. *Hoffman*, 22 W. Va. 1; *Mahuke* v. *Neale*, 23 W. Va. 58; *Pickens* v. *McCoy*, 24 W. Va. 344.

It is clear, according to the principle decided in the foregoing cases, that no issue should have been directed in this cause. To my mind it is very doubtful whether the bill itself made a case which entitled the plaintiff to any relief. It contains general averments of fraud and deceit, but it avers no facts from which the court can deduce the conclusion that the defendant, Hustead, made any false or fraudulent representations by which the plaintiff was misled in making the purchase, nor does it allege that there was in fact any deficiency in the number of acres of land purchased. It is wholly immaterial as to what the plaintiff may have believed he was purchasing, if he acted on his own knowledge or that derived from persons not connected with the vendor. If he obtained the land which the defendant intended to sell and did sell to him and there was no deficiency in the quantity or misrepresentation or fraud on the part of the defendent, he has no ground for relief in equity although he may have been mistaken in what he supposed or assumed to be the boundaries of the land purchased. *Crislip* v. *Cain*, 19 W. Va. 438.

But even, if the bill could be regarded as sufficient, the answer denies that there was any fraud or mistake in the sale or any deficiency in the quantity of land, and the proofs greatly preponderate in favor of the defendant. The uncontradicted testimony shows, that the quantity included in the boundary described in the written agreement and the title to which is not disputed exceeded by a few acres the quantity purchased. It is proved that the plaintiff, in 1864, purchased the land in controversy from David Jones for himself and the

defendant, Hustead, who was then and at the time he sold his half to the plaintiff a resident of the State of Ohio and knew very little about the land except what he had learned from the plaintiff; that the plaintiff was a resident of the county in which the land lies and had ample opportunity to know its boundaries and the land included in his purchase; he was at the time and had been for five years the owner of the undivided half of this same land and made the purchase on his own knowledge and information acquired from others having no connection with the defendant and without any representation from the defendant except as to his estimate of its value. The plaintiff in his own testimony does not pretend to state that the defendant made any fraudulent representation, or that he was induced to purchase by reason of any representation of any kind made to him by the defendant. He says, that Jones, the vendor who sold the land to him in 1864, represented that the house and improvements were included in the land, and that he and the defendant so understood at that time, and that he subsequently purchased the undivided half of the defendant "upon the assumption that the farm, house, etc., were included in the boundaries." Thus taking the testimony of the plaintiff alone no ground is shown for relief. But the testimony of the defendant and other witnesses tends strongly to prove that the plaintiff knew at the time of his purchase, that the boundaries did not include the improvements, and that he got all that was sold to him and all that he believed he was purchasing. The boundaries given in the deed from Jones to the plaintiff and defendant do not include the house and improvements, neither do those set forth in the written agreement between the plaintiff and defendant. It is, therefore, very plain, that the court erred in directing an issue to be tried by a jury in this cause.

But assuming that the issue was properly directed, the final decree should have dismissed the plaintiff's bill. The jury found upon the issue that the defendant, Hustead, had not " made any representations or by any reasons induced the plaintiff to believe that said lands embraced the said orchard, house and other improvements in the bill mentioned." The two other issues which the jury found for the plaintiff were wholly immaterial in a case of this character. The complaint

is, not that the plaintiff acted *bona fide* or was deceived or misled by his own information or want of information, but that he was deceived and misled by the false and fraudulent representations of the defendant. The jury found that he was not misled or deceived by any representations of the defendant and upon that finding it was the duty of the court to dismiss the bill.

Upon any view of the cause, I am of opinion that the said decree of May 26, 1881, must be reversed, the injunction wholly dissolved, and the plaintiff's bill dismissed with costs.

Reversed. Dismissed.