## CHARLESTON.

KINPORTS *et al v.* RAWSON *et al.*

Submitted February 9, 1892.—Decided March 21, 1892.

36  237
49  132

36 237
e 51 358
51 375

36      237
65      124

1. RES JUDICATA.

   A purchaser of land having applied for and obtained an injunction in a Circuit Court restraining the trustee from selling on account of an alleged cloud upon the title, and this Court having on appeal reversed the Circuit Court and decided that the alleged cloud and defect did not constitute sufficient ground for an injunction and dismissed the bill, the plaintiff can not bring a second and precisely similar suit against the same parties for the same purpose and cause of action; and on a plea of *res judicata* the plea was properly sustained.

2. RES JUDICATA—TRUSTS AND TRUSTEES—JUDICIAL SALES.

   When a purchaser of land enjoins the sale under a deed of trust securing the deferred purchase-money, and the Circuit Court upon a plea of *res judicata* sustains the plea and dissolves the injunction, that court may either dismiss the bill entirely, or it may order the sale to be made under its own supervision by the trustee or by special commissioners appointed for the purpose.

*Campbell, Marcum & Holt* for appellants cited 11 S. W. Rep. 971; 5 S. W. Rep. 702; 17 Atl. Rep. 1041; 31 Md. 124; 127 Ill. 14; 5 So. Rep. 603; 84 Ala. 278; 68 Ala. 417; 66 Ala. 64; 67 Ala. 187; 19 Pac. Rep. 6; 20 Pac. Rep. 189; 121 U. S. 552; 67 U. S. 430; 18 How. 263; 2 Am. & Eng. Ency. L. 303; 55 Ala. 278; 46 Mich. 51; 37 Ark. 643; 3 Pom. Eq. Juris. 435; 13 Gratt. 380; 5 Leigh 192; 4 Rand. 74; 30 W. Va. 335; 96 U. S. 340; Sto. Eq. Pl. (6th Ed.) § 852; Coop. Eq. Pl. 313; 1 Dan. Ch'y Pr. (4th Am. Ed.) 545; Big. Estop. (4th Ed.) 12; 2 Sto. Eq. Juris. (13th Ed.) § 1490; 12 W. Va. 573; 11 W. Va. 673; 6 W. Va. 441, 6 Rand. 194.

*J. F. Brown* for appellants cited 27 W. Va. 462; 29 W. Va. 794; 2 Leigh 492; 22 W. Va. 70; 11 W. Va. 342; 23 Gratt. 383; 4 Rand. 74; 5 Leigh 192; 4 Gratt. 235; 25 W. Va. 516, 517, 519; 28 W. Va. 819; Code (1891) c. 130, s. 5.

*J. W. Harris* and *Mollohan & McClintic* for appellees, Kinports and St. Lawrence Boom & Manufacturing Co. cited 10 W. Va. 409; 7 Gratt. 80; 10 W. Va. 251.

*Knight & Couch* for appellee Rawson, cited High Inj. §§ 39, 1586; 30 La. Ann. 230; 3 Ohio 61; 5 Yerg. 238; 24 Gratt. 272; 30 W. Va. 335; 20 W. Va. 351; 22 W. Va. 475; 29 W. Va. 794; 33 W. Va. 553; 91 U. S. 741; Cons. Art. XIII, sec. 3; Code, c. 31, ss. 32, 41; 23 W. Va. 675; 20 Gratt. 244; 5 W. Va. 437.

LUCAS, PRESIDENT:

Kinports executed to A. C. Snyder, trustee, to secure the deferred purchase-money a deed of trust upon real property conveyed to him by W. L. Rawson. In July, 1885, the trustee advertised for sale the property embraced in the deed of trust, including one tract of one thousand six hundred and thirty two acres. Thereupon Kinports and his vendee, the St. Lawrence Boom & Manufacturing Company, enjoined the sale, upon the ground that Holt and Mathews had an adverse claim, under which they were in possession. Rawson, Holt and Mathews, and Snyder the trustee, were made defendants. The Circuit Court refused to dissolve the injunction, and directed the St. Lawrence Boom & Manufacturing Company to institute an action of ejectment against Holt and Mathews within a given time, under penalty of having the injunction dissolved. Such an action was instituted, and is still pending.

Upon an appeal to this Court the injunction was dissolved and the bill dismissed. After this dismission of the bill by this Court, and after the institution of said action of ejectment, the same plaintiffs applied for and obtained a second injunction against the same defendants for the same purpose and involving the same subject-matter. The defendants demurred to the second bill, but the demurrer was overruled. All of the defendants then answered and insisted upon the plea of *res adjudicata*.

Rawson then filed what he called a "cross-bill," but what in point of fact was nothing more than a supplemental and amended answer, in which he set out at large and in detail

the defects in the title which Holt and Mathews had set up in their answer. To this amended answer, treating it as a cross-bill, Holt and Mathews filed an answer.

The latter defendants (Holt and Mathews) likewise submitted to the court the following motions: A motion that the plaintiffs be required to elect between this suit and the action in ejectment; a motion for a jury to try the issue of title upon the cross-bill and answer; a motion to refer the cross-bill and answer to a commissioner to take proofs and report; a motion for an order of survey in the cause for the purpose of locating the respective claims of the parties to the controversy. All these motions were denied. A final decree was entered on the 10th day of July, 1889. The injunction was dissolved, and it was further ordered that, unless Porter Kinports should within sixty days pay the balance of the purchase-money secured by the deed of trust, amounting to seven thousand, seven hundred and fifty nine dollars, special commissioners, who were appointed for the purpose, should sell the land, upon the usual terms, *etc.* From this decree Mathews and Holt have appealed.

The Circuit Court rested its decision expressly upon the ground that the whole matter was *res adjudicata* by the former adjudication of this Court, reported in 29 W. Va. 487 (2 S. E. Rep. 85). This Court has twice very recently had occasion to decide that a matter once adjudicated by a court of competent jurisdiction can not be reopened or relitigated by and between the same parties. In the case of *Gallaher* v. *City of Moundsville*, 34 W. Va. 730 (12 S. E. Rep. 855) it was held that, where a suit had been brought to impeach the validity of bonds issued by a municipal corporation before they were put upon the market, and a decision reached in the Circuit Court favorable to their validity, no further suit could be brought or maintained by the same parties, no matter what particular form it might take, to test the validity of the bonds, so long as the former decision and decree remained in full force, unreversed and unappealed from. In the case of *Barrett* v. *McAllister*, 35 W. Va. 103 (12 S. E. Rep. 1106) it was held, where a defendant upon a hearing in the Circuit Court had waived the statute of

frauds, and on appeal to this Court the case was sent back, and the decree below affirmed, that the defendant could not make a new case by filing and relying upon a plea of the statute of frauds and perjuries.

These cases only reaffirm and reassert the doctrine of *res judicata,* as so often held and laid down by this Court. *Corrothers* v. *Sargent,* 20 W. Va. 351; *Tracy* v. *Shumate,* 22 W. Va. 475; *McCoy* v. *McCoy,* 29 W. Va. 794 (2 S. E. Rep. 809); *Mason* v. *Bridge Co.,* 20 W. Va. 223.

It would appear to be perfectly plain that a purchaser of land, who has applied for and obtained an injunction in the Circuit Court restraining the trustee from selling on account of an alleged cloud upon the title, after he has been heard upon an appeal to this Court, and it has been decided that the alleged cloud and defect as set out in the bill were not sufficient grounds for an injunction, and the bill has been dismissed, is estopped from bringing a similar suit against the same parties for the same purpose and cause of action.

It is true that the appeal here is prosecuted, not by the plaintiff, but by his co-defendants, Holt and Mathews, the holders of the alleged adverse claim, who, it is said, are now in possession of the land, and who complain that their own title to real estate has been settled and adversely adjudicated by a court of chancery and not by a jury, and that they have thus been disseised of their freehold, without the lawful judgment of their peers.

It will be observed that the former suit was instituted by a plaintiff who held only an equitable title, and could not by any possibility pursue his remedy in a court of law, because the legal title was outstanding in a trustee, who, so far from co-operating with the plaintiff, was bent on selling the property, irrespective of any supposed cloud. The bill, therefore, was by a plaintiff whose right to relieve his land of a cloud, if such existed, was undoubted. Pom. Eq. Jur. § 1399, and notes. The present appellants were made defendants, and were at liberty to avail themselves of every defence to which they have resorted in the present case. If they failed to do so at that time, they certainly can not do so in a second suit, brought to reopen all the questions

formerly decided. They could in that case have answered the bill as they have done in the present case, set out and insisted upon their title, and demanded and obtained a jury; for, although the Circuit Court in that case construed the act of 1882, as found in our present Code, c. 131, s. 4, as debaring the court of a right to order an issue, nevertheless, although we are not now called on to decide the point, in a doubtful case respecting the boundaries of land I see no reason why the court may not resort to a jury to determine the facts. See *De Vaughn* v. *Hustead*, 27 W. Va. 773. At all events, and without anticipating questions as to the ultimate rights of the parties which may hereafter arise, it is quite clear that the appellants could not avail themselves of the pendency of the present suit to reopen and relitigate questions already decided. All that we can say about the matter is that the former adjudication, whether right or wrong, is the law of this particular case, and the Circuit Court did not err in sustaining the plea of *res judicata.*

It is insisted, however, that the Circuit Court ought simply to have dismissed the bill, and not have proceeded to sell the land in controversy through its special commissioners. The rule of practice is that, when the chancellor has jurisdiction of the subject-matter, and has dissolved an injunction whereby the trustee had been restrained from enforcing the trust, the court may either dismiss the case, and leave the trustee untrammeled to execute the trust, or it may proceed to administer the same either through the trustee or through its own officers, appointed for the purpose. The decree of the court in this case was in accordance with the practice, and was therefore not erroneous. *Michie* v. *Jeffries*, 21 Gratt. 334.

In the very able arguments of counsel for the appellants we are cited to a great many cases, in which it has been held, that a court of equity will not try questions of boundaries of or titles to land. These authorities state the general proposition of law correctly. In the case of *Clayton* v. *Barr*, 34 W. Va. 290 (12 S. E. Rep. 704) it was held: "Where the estate or title between conflicting claimants to land is legal in its nature, and the legal remedy is adequate, and one party has already recovered in ejectment

upon his claim, that party can not sue in equity to remove
the cloud from his title arising from such adverse claims;
the parties suing being out of possession, and the adverse
claimant being in possession."

But in the present case the plaintiff has an equitable title
only; and all the authorities, or nearly all of them, agree
that, where a party out of possession has only an equitable
title, his resort to equity to have a cloud removed ought
not to be questioned.  Pom. Eq. Jur. § 1399, note 4, and
authorities there cited.  The demurrer was therefore prop-
erly overruled.

In *Heavner* v. *Morgan*, 30 W. Va. 335 (4 S. E. Rep. 406)
it was held that in such a case as the present all the adverse
claimants may be made defendants, so that the rights of all
parties interested shall be protected.  If such be the law
governing the adjudications of this Court, how is it possi-
ble for us to say that a party once cited and required to
show and adduce his title, and who, notwithstanding a rule
of the court against him, remains obstinately silent, can re-
open the same questions in a second suit, brought by the
same parties against the same defendants, and for precisely
similar purposes?  The former case being admitted on all
hands, even by the appellants themselves, to have been pre-
cisely identical with the one we are now considering, the
questions then adjudicated, whatever they were, must be
held to estop, not a portion of the litigants only, but all of
the parties to the suit; for these reasons, therefore, we find
no error in the decree complained of, and the same is af-
firmed.

ON REHEARING.

(April 23, 1892.)

The petitioners for rehearing in this case called attention
to an error in the decree of the Circuit Court, which they
quote now for the first time, as follows: "The court is of
opinion and doth adjudicate that the claim set up by Holt
and Mathews in this cause to the one thousand, six hun-
dred and thirty two acre-tract of land conveyed by the de-
fendant William L. Rawson to the plaintiff Porter Kin-
ports by deed bearing date the 3d day of October, 1881, as

set out in the pleadings and exhibits in this cause, as to any portion thereof is without foundation and constitutes no claim upon the title which said Kinports derived from said Rawson to said tract of land, and that this fact has been adjudicated by the Supreme Court of Appeals of West Virginia in a suit in chancery lately pending in said Supreme Court between the said Porter Kinports and the said St. Lawrence Boom and Manufacturing Company, as plaintiffs, against the said William L. Rawson, A. C. Snyder, trustee, Homer A. Holt and Andrew Mathews, as defendants, which suit is set up in the aforesaid answer of William L. Rawson, and the record thereof is exhibited with said answer."

They construe our opinion and order of affirmance as affirming the above construction which the Circuit Court has put upon the former action and order of this Court at April term, 1887. See 29 W. Va. 487 (2 S. E. Rep. 85). This we did not intend, and we acknowledge our obligations to counsel for enabling us in this supplemental opinion to guard against misapprehension.

What we hold is that the plea of *res judicata* was properly sustained by the Circuit Court, and that it was in the discretion of that court either to dissolve the injunction and dismiss the bill, or to dissolve the injunction and have the sale made and proceeds distributed under its own direction; and that we would not interfere with the exercise of that discretion.

It is well settled that, where the bill does not entitle the plaintiff to relief, no relief can be granted to one defendant as against another. *Worthington* v. *Staunton*, 16 W. Va. 208, *Vance* v. *Evans*, 11 W. Va. 342 ; *Ould* v. *Myers*, 23 Gratt. 383.

Therefore, in this suit, nothing could be setttled as between Rawson and Mathews and Holt. We were not called upon nor did we attempt to interpret the former decree of this Court of April term, 1887, except so far as was necessary to determine whether the doctrine of *res judicata* applied to the bill. Upon ascertaining that it did, we stopped at that point, and did not decide anything as to the "ultimate rights of the parties"—that is of the co-defen-

dants, as between themselves—leaving such rights just as they stood before the bill in this case was filed. So much of the decree below, therefore, as we have quoted above, or as in any manner passes upon the ultimate rights of the co-defendants, must be stricken out and reversed, and the residue affirmed.

AFFIRMED IN PART.