Anderson, J.,
delivered the opinion of the court.
*258 The covenant is a joint one, to pay to Mrs. Sally P„ • Ecdes, annually during her life, in consideration of her relinquishing her life estate, three hundred dollars. The provision that each of the four covenantors, in order to secure the payment of the $300 annually, should execute their bonds to her severally, with security for the payment annually of $75 each, does not release them from the joint obligation, at least until that was done, until each of the four obligoi’s had executed his bond with security, as provided. That not having been done, the joint obligation to pay $300 annually is.a subsisting one.
Mrs. Eodes might, in her life time, have maintained an action at law against them join tlyjupon the covenant; but since her death, one of the joint covenantors being her personal representative, he could not maintain an action at law upon the covenant; because it being joint, an action of covenant could only be maintained against them jointly, and he was one of them. It is clear that at common law a party can not sue himself, either alone or in conjunction with others. Stor. on Part. § 221. In an action by several, as executors, a plea in bar that the promises were made by one of the defendants, jointly with one of the plaintiffs, is sufficient. 1 Chitty Plead. Marg. p. 26, citing 2 Bos. & Pul. R. 124. Upon the technical principles of the common law, no person can maintain a suit against himself, or against himself and others. The objection is at law a complete bar to the action. 1 Stor. Eq. Juris. § 679.
But in equity there is no difficulty. It is sufficient that all parties in interest are before the court, either as plaintiffs or defendants. They need not, as at law, be on the opposite sides of the record. Ibid. § 680. Although in such cases there is no remedy at law, yet in equity an appropriate remedy maj and will te.granted whenever *259 it is ex equo et bono necessary and proper. Stor. on Part. § 222; 2 Bos. & Pul. 124; 6 Taunt 605.
The court is therefore of opinion, that a bill in equity was the proper remedy of the administrator cum testamento annexo, of Mm. Sally P. Bodes to enforce the joint covenant in which he was one of the covenantors; and that it was error to sustain-the demurrer and to dismiss the plaintiff’s bill for \yant of jurisdiction, which is the only point in the case.
The court is of opinion, therefore, to reverse the decree of the Circuit court, and remand the cause for further proceedings to be had therein in conformity with this opinion.
Since this opinion was written, my attention has been called by j. "Staples to the decision of this court in Booth v. Kinsey, 8 Gratt. 560, by which we are fully sustained. See J. Mon cure’s opinion, p. 562.
Decree reversed.