## Richmond.

### NEW YORK LIFE INSURANCE CO. v. DAVIS & OTHERS.

#### March 25, 1897.

#### Absent: RIELY, J.

1. CONTINUANCE—*Surprise.*—Where a receiver has been appointed to collect an insurance policy, with directions to institute, in his own name, such proceedings thereon as he may be advised is proper, the insurance company has the right to expect that an independent suit will be instituted thereon in the name of the receiver, and it is error to force the company into a trial on the merits against its will, in the suit in which the receiver was appointed, where the order directing suit by the receiver in his own name remains unrevoked, and it appears that such a proceeding is a surprise to the company, and will probably deprive it of making a *bona fide* defence on the merits.
2. RECEIVER—*Rule to show cause against appointment—Failure to answer—Objection afterwards.*—Where a rule is made against an insurance company in a chancery suit to which it is a party to show cause why a receiver shall not be appointed to collect its policy, which is the subject of the suit, and the company appears by counsel and declines to answer the rule, and makes no objection to the appointment of receiver, it will not be thereafter heard to object to the appointment of such receiver.
3. CHANCERY PRACTICE—*Right to trial by jury in chancery causes.*—If an insurance company is properly before the court in a chancery suit where its policy is the subject of litigation, any issue or issues raised by the pleadings as to its liability on the policy must be tried according to the rules and principles governing courts of equity in such cases. It is not entitled to a jury trial as matter of right, but only in the event that the case made shows that a jury trial is proper.

Appeal from a decree of the Circuit Court of Henry county, pronounced October 16, 1896, in a suit in chancery wherein the appellees were the complainants, and the appellant and W. W. Lester were the defendants.

*Reversed.*

The opinion states the case.

*E. W. Saunders*, for the appellant.

*Peatross & Harris* and *Peyton & Peyton*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

John W. Davis and his wife filed their bill in the Circuit Court of Henry county against W. W. Lester and the New York Life Insurance Company, in which they alleged that their son, J. W. T. Davis, had recently died under twenty-one years of age, unmarried, without issue, and intestate; that no administration had yet been granted on his estate, but at the next term of the County Court for that county the father would apply for administration and, when appointed, would ask to be made a party to the bill in his fiduciary capacity. They further alleged that their son had taken out upon his life for his own benefit two policies in the New York Life Insurance Company; that since his death, W. W. Lester claimed to be the assignee and owner of the policies, and, as such claimant, was preparing to give notices and to furnish proofs of the death of the insured, and doing such other acts as were necessary to enable him to collect the policies which were in his hands; that Lester had induced the deceased to take out the policies upon the representation that he, Lester, would pay the premium and hold the policies so that he could get his money back if the insured should die; that Lester, after the decedent's death, had upon false representations induced the father, who was unable to read or write, to make some assignment of the policies, the exact character of which is not known; that Lester had not paid any consideration for the alleged assignments of the policies, other than the premiums thereon, which amounted to a very small sum, and had no other interest in them; that beyond that sum the assign-

ments were void, and the proceeds of the policies in excess of it was due to the decedent's estate; that Lester, unless restrained, would collect the policies, and that if he did, being worth but little, if anything, it would be impossible to recover from him the amount to which the decedent's estate was entitled; that the insurance company had been notified not to pay, andthat while that company desired to pay the policies to theparty properly entitled, had intimated that it might be unable to protect itself against the demands of the pretended assignee.

The prayer of the bill was that Lester and the insurance company be made parties defendant; that the one be enjoined from collecting and the other from paying the insurance policies to him; that all proper accounts be ordered, and the interests of the parties in the policies be ascertained, and the insurance company be required to pay what was due the decedent's estate to his personal representative, and for general relief. The injunction was granted as prayed for, and afterwards the personal representative of the decedent became a party to the suit, and upon his motion a receiver was appointed to collect the insurance. Subsequently a decree was rendered against the insurance company for the amount of the policies, in favor of the receiver.

From the decrees appointing a receiver and requiring the insurance company to pay the amount of the policies the insurance company appealed.

The first error assigned is the action of the court in overruling the insurance company's motion for a continuance at its October term, 1896.

A vacation decree was entered in the cause on June 26, 1896, appointing a receiver to take possession of the insurance policies, and he was directed to institute in his name, as receiver, such proceedings for the collection of the policies of insurance as he might be advised were proper. On the 7th day of October following, the receiver filed his report, in

which he stated that he had demanded payment of the policies from the insurance company; that he was referred by the company to the counsel representing it in this cause, who, when communicated with upon the subject, suggested that a suit at law had better be brought to enforce collection. The receiver further reported that he was advised by the counsel of the plaintiffs that the policies could be collected in the suit in which he had been appointed receiver without the necessity of bringing a common law action for that purpose; that for that reason he had not brought suit, and asked instructions from the court as to how he should further proceed in the matter.

At the next term of the court, on the 14th day of the same month, the insurance company moved for a continuance of the cause, which the plaintiff was insisting should be heard as to its liability, and to sustain the motion filed an affidavit in which, among other things, it was stated in substance that the insurance company was not ready for trial because, after the vacation decree appointing the receiver and directing him to institute proceedings for the collection of the policies had been entered, it had expected a suit at law to be brought in which it could make its defence, and that to compel it to go into the trial then, under the circumstances set out in the affidavit, would prejudice its rights and prevent it from making the *bona fide* defence which it intended to make. The court, however, overruled its motion, and forced it into trial.

As long as the vacation decree directing the receiver to institute proceedings in his own name for the collection of the policies of insurance continued in force, the attorney for the insurance company had the right to believe, and did believe, as appears from his affidavit, that an independent suit would be brought to enforce collection of the policies, and that it was therefore unnecessary for the insurance company to pre pare to make its defence in the pending cause. If the court was of opinion, at its October term, that the proceedings

which it had theretofore directed the receiver to institute in his own name for the collection of the policies were unnecessary, it ought to have set aside that decree and continued the cause, upon the motion of the insurance company, in order that it might have an opportunity to prepare its defence.

The appointment of a receiver is also assigned as error.

A rule was made upon the insurance company to show cause why a receiver should not be appointed. The company appeared by counsel, declined to answer the rule, and made no objection to the appointment of a receiver. The appointment was resisted by Lester, who had possession of the policies, and claimed to be the owner thereof by assignments, but he is not complaining here of that action of the court, and the insurance company having made no objection to such appointment, it will not be heard now to complain as the appointment of a receiver could not possibly prejudice its rights in any manner.

The refusal of the court to award a jury trial for the decision of the issue presented by the answer of the insurance company is assigned as error.

The plaintiffs had the right to have the insurance company brought before the court, and enjoined from paying over the money due upon the insurance policies to Lester, who claimed the money due upon them under the alleged assignments which were contested by the plaintiffs, and to compel it to pay what it owed to the parties entitled, or to a receiver of the court. *Greer* v. *Wright*, 6 Gratt. 154. The insurance company was interested in having such sum as it owed on the policies paid to the proper parties. *Spcooner* v. *Hilbish*, 92 Va. 333, 339. It was therefore a proper party to the suit, and, being properly before the court, any issue or issues raised by its pleadings as to its liability on the policies must be tried according to the principles and rules governing courts of equity in such cases. *Beverly* v. *Walden*, 20 Gratt. 147;

*Walters* v. *Farmers Bank*, 76 Va. at page 18; 2 Barton's Chy. Pr., 846, &c.; 4 Minor's Inst., sec. 1470.

The insurance company was not entitled to a jury trial as a matter of right, but, like other parties to suits in equity, it was entitled to have a jury trial if the case made showed that such a trial was proper.

When the cause is remanded to the Circuit Court for further proceedings, as it must be for the error heretofore referred to, that court can either require the receiver to execute the decree authorizing him to institute proceedings in his own name for the collection of the policies of insurance; award an issue out of chancery; or hear and determine the case without the aid of a jury, as may to it seem proper, and in accordance with the rules of chancery practice.

The decree of the October term must be reversed, and the cause remanded to the Circuit Court for further proceedings.

*Reversed.*