## Richmond.

TATUM V. TATUM'S ADM'R AND OTHERS.

January 15, 1903.

Absent, Cardwell and Whittle, JJ.

1. CHANCERY PRACTICE—*Report of Master Commissioner—Weight Given.*—
The findings of fact of a commissioner in chancery, based on depo-
sitions taken by him or in his presence, if clearly supported by
competent and unimpeached witnesses will not be disturbed unless
clearly against the weight of the evidence. But even in such case,
the court will review and weigh the evidence, and if not satisfied
with the findings of the commissioner will overrule them.

2. FRAUDULENT CONVEYANCES—*Impeachment by Grantor—Mental Inca-
pacity of Grantor—Case in Judgment.*—A deed made by a grantor to
defraud his creditors is valid between the parties thereto, and can-
not be assailed by the grantor or those claiming in privity with
him. But this rule has no application to a grantor who, at the
time the deed was made, was mentally incapable of contracting.·
In the case in judgment, the evidence shows that the grantor was
mentally incapable of making the deed of trust in controversy;
that two out of the three debts secured to the appellants were
confessedly "bogus," and that the third one, now in controversy,
was of doubtful merit in its inception, and is not now shown to
be justly due.

Appeal from a decree of the Circuit Court of Patrick county
pronounced February 12, 1901, in a suit in chancery, wherein
the appellant and others were the complainants, and the appel-
lees were the defendants.

*Affirmed.*

The opinion states the case.

*P. Bouldin, Jr.,* and *John W. Carter,* for the appellant.

*Samuel A. Anderson*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The object of this.suit was to enforce the payment of certain debts secured or alleged to be secured by two deeds of trust executed by W. F. Tatum in his lifetime upon his lands. The validity of the deed of trust of January 1, 1887, was put in issue by the pleadings, as was also the question whether the bond of $445.91 asserted by T. G. Tatum was a valid obligation against the decedent's estate.

During the progress of the cause the court directed one of its commissioners to ascertain and report whether the deeds of trust set up by the plaintiffs were valid and subsisting liens against the estate of W. F. Tatum, deceased, and if so, the amounts due the several plaintiffs on account thereof.

The commissioner reported that he was of opinion that the trust deed of January 1, 1887, was a valid lien on the lands mentioned therein, and that certain debts, including the debt of T. G. Tatum (the appellant), of $445.91, dated May 18, 1886, (and upon which judgment had been confessed), were still due and unpaid.

To that report the defendants excepted upon two grounds: First, because the evidence showed that, at the time the said deed of trust was executed and the judgment confessed, W. F. Tatum was mentally incapable of transacting any business; that they were fraudulent and void, and were procured by the undue influence of the appellant; and,

Second, because the evidence shows that W. F. Tatum did not owe the debts reported to be due by the commissioner.

Upon the hearing of the cause, the court sustained the first exception, and the second exception, so far as it applied to the debt asserted by the appellant, set aside and annulled the deed of trust, and declared the confessed judgment to be void, and

refused to allow the debt of the appellant as a proper charge against the decedent's estate. From that decree T. G. Tatum obtained this appeal.

It is insisted that the question of the validity or invalidity of the debt and securities asserted by the appellant upon which the commissioner was directed to report, being questions of fact to be determined from the testimony adduced before him, his report should have been accepted by the court as correct, unless palpably erroneous.

The rule is that where the evidence consists of depositions which have been taken by the commissioner or in his presence, and is conflicting, and his conclusions are clearly supported by competent and unimpeached witnesses, his report will not be disturbed, unless it is clear that the weight of the testimony is against his conclusions. But even in such case, the court will review and weigh the evidence, and if not satisfied with the findings of the commissioner, will overrule them. *Shipman* v. *Fletcher*, 91 Va. 473, 22 S. E. 458.

It would be impossible in any opinion of reasonable length to discuss in detail the conflicting evidence in this case, consisting as it does of the depositions of more than fifty witnesses, and covering more than one hundred and seventy pages of the printed record. A careful examination of the record satisfies us that the weight of evidence is clearly against the conclusions reached by the commissioner as to the validity of the appellant's debt and liens.

If W. F. Tatum was capable, mentally, of contracting at the time the deed of trust of January 1, 1887, was executed, there is no question that the deed was made for the purpose of putting the legal title to the lands conveyed in the trustee to be held by him upon a secret trust for the benefit of the grantor, and to prevent the lands from being subjected to the payment of a liability which the grantor owed, or was thought to owe, as surety on the bond of J. F. Gray as administrator of William

Gray, deceased. Although the bonds secured by the deed of trust as due and payable to the appellant were not due from the grantor, and the conveyance was made at the instance of the appellant to whom the bonds were payable with the understanding that the bonds were never to be collected, the law does not permit the parties to such fraudulent conveyance to question its validity.

Section 2458 of the Code provides that "Every gift, conveyance, assignment or transfer of, or charge upon any estate, real or personal, every suit commenced or decree, judgment or execution suffered or obtained, and every bond or other writing given with intent to hinder, delay, or defraud creditors, purchasers or other persons of or from what they are or may be lawfully entitled to, shall, as to such creditors, purchasers or other persons, their representatives, or assigns, be void."

But such a transaction as between the parties is valid and binding. *Harris* v. *Harris*, 23 Gratt. 737, 753, &c., and cases cited; *Spooner* v. *Hilbish*, 92 Va. 333, 337, 23 S. E. 751. Being valid between the parties, it follows that a fraudulent grantor cannot be permitted to allege his own fraud to avoid his deed. Neither, of course, can those who claim in privity with him. *Spooner* v. *Hilbish*, *supra*. This wise rule of law can, however, have no application to a case like this where it appears that the grantor in such deed was, at the time it was made, mentally incapable of contracting. That such was his condition we think is established by the weight of evidence. The conduct of the grantor in connection with this transaction, his execution of a deed conveying his home to his son-in-law without consideration; his confession of judgments upon debts which he did not owe; the contemplated action of his family under the advice of counsel to have him adjudged a lunatic, and to have a committee appointed for him; his intemperate habits and general conduct, followed by his death within six weeks after the deed of trust was executed, together with the

direct and positive evidence of members of his family who were best acquainted with his mental condition that he was a mental and physical wreck, an imbecile in body and mind, satisfy us that he was mentally incapable of transacting business when the deed of trust was made and the judgments were confessed. This being so, the deed of trust of January 1, 1887, and the confessed judgments obtained January 3, 1887, were properly held to be invalid.

. The next question is, was the bond asserted by the appellant for $445.91 secured by the said deed of trust, and upon which a judgment had been confessed, due from the decedent to the appellant.

The learned judge of the Circuit Court, in passing upon this question, uses the following language, which we think is justified by the evidence, and which we adopt as expressing our views upon the question: "Two out of the three bonds embraced in the trust deed for the benefit of T. G. Tatum" (the appellant) "are confessedly bogus; and the third is of doubtful merit in its inception; and its *bona fides* is further impeached by subsequent transactions between the parties, the time that was allowed to elapse without effort to secure or collect it, and the repeated declarations alleged to have been made by the obligee that W. F. Tatum owed him nothing. The attempted explanation made by T. G. Tatum in the bill and evidence for having embraced fraudulent claims in the deed of trust dictated and written by himself, and afterwards in procuring confessions of judgments on the same claims, is wholly unsatisfactory, and his conduct in the matter is inconsistent with common honesty and truth. He cannot claim ignorance of the intention of W. F. Tatum to do so. Indeed, he placed his claims in the hands of his brother to enable him to do so, and his brother escorted the feeble old man to the court-house on that raw January day when the confessions were had."

"Dealing with an old and decrepit uncle, who had unbounded faith in him, he wrote a deed of trust for the benefit of himself, his father and brother, and named another brother as trustee. He admits that two of his claims were fraudulent, and he cannot expect a court of equity to give ready credence to his statement that the third was *bona fide.*"

This debt was, we think, properly disallowed by the Circuit Court.

We are of opinion that there is no error in the decree complained of to the prejudice of the appellant, and that it should be affirmed.

*Affirmed.*