## Richmond.

Woody's Administrator and Security Trust and Life Insurance Company v. Schaaf.

March 21, 1907.

Absent, Cardwell, J.

1. Bonds—*Consideration Presumed—Admissions of a Decedent—Privity of Representative.*—As between the parties to a bond a valuable consideration is conclusively presumed, and neither the obligor nor his personal representative will be permitted to offer evidence to the contrary, either at law or in equity; and such consideration is *prima facie* presumed as against third persons.

2. Life Insurance—*Wager Policies—Insurable Interest of Creditor in Life of Debtor.*—While a sheer wager policy is contrary to public policy and void, a creditor has an insurable interest in the life of his debtor to the amount of his debt, and may take a policy on his life for that amount for the purpose of indemnity. A bond given by a debtor to his creditor on settlement of past accounts, a few days after a policy on the life of the debtor is taken out by the creditor, is conclusive as to the consideration as between the debtor and creditor, and is *prima facie* evidence of such indebtedness as to the insurance company.

Appeals from a decree of the Chancery Court of the city of Richmond. Decree in favor of one of the defendants. The complainant and the other defendant appeal.

*Affirmed.*

The opinion states the case.

*Samuel A. Anderson, John A. Lamb, A. L. Holladay* and *Emmett Seaton,* for the appellants.

*Smith, Moncure & Gordon,* for the appellee.

WHITTLE, J., delivered the opinion of the Court.

This case originated in a bill in equity in the Chancery Court of the city of Richmond, filed by W. T. Woody's Administrator against J. B. Schaaf and the Security Trust and Life Insurance Company, predicated upon the following allegations: That in 1900 the Insurance Company issued a policy on the life of Woody for the benefit of Schaaf, an alleged creditor, for $2,000; that if Woody is indebted to Schaaf in any amount, the liability is less than $2,000, and the amount actually due, with premiums paid by him and interest, is all that he is entitled to receive on the policy, the residue being an asset of the estate; that Schaaf is insolvent, and if permitted to collect the proceeds of the policy the plaintiff will be without redress. The prayer of the bill, therefore, is that Schaaf be enjoined from collecting the policy; that the amount of his debt may be determined, and the rights of the parties adjusted as indicated.

Schaaf, in his answer, claims the entire amount of the policy. He avers that for many years he had conducted the business of a butcher in the city; that Woody, as a merchant, was a customer and kept a running account covering the period from 1891 to 1898, which aggregated more than $2,000; that seeing that Woody could not pay the debt, Schaaf, with his consent, first took out a policy on his life for $2,000, payable to himself as creditor, in the Northwestern Life Insurance Company of Chicago; that he subsequently suffered that policy to lapse, and with like consent of Woody caused to be issued the present policy; that he paid the premiums, and exhibits the policy, which bears date April 19, 1900, with his answer; that in order to close accounts and in acknowledgment of his indebtedness, Woody, on May 15, 1900, executed a bond to respondent for the amount of his indebtedness, $2,000.

The Insurance Company filed a demurrer and also answered the bill. The demurrer challenges the right of Woody's administrator to maintain the suit at all, since the bill does not allege

that the premiums, or any of them, were paid by Woody; and shows that the insurance was effected by Schaaf for his own benefit as creditor. The answer denies liability to either the estate or Schaaf, alleging that Woody was not indebted to Schaaf, and that the policy is consequently a mere wager policy and void.

The same issues are presented in different form by the cross-bill of Schaaf, and the answers of Woody's administrator and the Insurance Company to that bill.

On the pleadings and evidence the Chancery Court made a decree overruling the demurrer of the Insurance Company, and adjudged that Schaaf was a creditor of Woody by bond, to the extent of $2,000, and as such is entitled to receive the full amount of the policy. From that decree Woody's administrator and the Insurance Company appealed.

In our view of the matter the legal effect of the bond executed by Woody to Schaaf renders it unnecessary to review the other testimony. We may remark, however, in passing, that the evidence tends to sustain rather than to impugn the integrity of the debt. The bond, though executed twenty-seven days after the date of the policy, recites a past consideration, indebtedness by open account, which indisputably accrued prior to the issuance of the policy. The bond is therefore the equivalent, and, it may be fairly inferred from its terms and the circumstances attending its execution, the product of a settlement of antecedent transactions between the parties, and a formal acknowledgment of the balance due on pre-existing accounts.

In speaking of sealed instruments, in 3 Min. Inst. Pt. 1, 139, it is said: "In all contracts under seal, a valuable consideration is *presumed,* from the solemnity of the instrument, as a matter of public policy and for the sake of peace; and presumed *conclusively,* no proof to the contrary being admitted, either at law or in equity, so far as the parties themselves are concerned." See also *Watkins* v. *Robertson,* 105 Va. 269, 54 S. E. 33.

In *Spooner* v. *Hilbish,* 92 Va. 333, 336, 23 S. E. 751, 752,

it was held: "It is undoubtedly true, as a general rule, that a personal representative cannot be heard to impeach as fraudulent a transaction of his decedent in his lifetime."

So, Wigmore on Evidence, section 1081 (Note 2), observes: "No modern court doubts that a decedent whose rights are transmitted intact to his successor is a person whose admissions are receivable against a party claiming the decedent's rights as heir, executor or administrator.

The cases of *Cammack* v. *Lewis*, 15 Wall. 643, 21 L. Ed. 224; *Ins. Co.* v. *Shaefer*, 94 U. S. 457, 24 L. E. 251; *Warnock* v. *Davis*, 104 U. S. 775, 26 L. Ed. 924; *Crotty* v. *Ins. Co.*, 144 U. S. 621, 36 L. Ed. 566, 12 Sup. Ct. 749, and other cases to which our attention has been called, are authority for the well settled propositions that a sheer wager policy is contrary to public policy and void; and that the party claiming under a life insurance policy must have an insurable interest in the life of the assured.

"In cases where the insurance is effected merely by way of indemnity, as where a creditor insures the life of his debtor, for the purpose of securing his debt, the amount of insurable interest is the debt." *Warnock* v. *Davis, supra.*

The decisions of this court are to the same effect. *Roller* v. *Moore*, 86 Va. 512, 10 S. E. 241, 6 L. R. A. 136; *Ins. Co.* v. *Davis*, 96 Va. 737, 32 S. E. 475, 44 L. R. A. 305; *Bank* v. *Terry*, 99 Va. 194, 37 S. E. 843; *Lewis* v. *Palmer, ante,* page 56, S. E. 341.

In this instance the appellee Schaaf has measured fully up to the standard fixed by the foregoing cases. He rests upon a bond for the full amount of the policy, which has not been impeached for fraud, mistake, or other ground of avoidance; and which therefore furnishes *conclusive* evidence of the debt against Woody's administrator, and *prima facie* evidence against the Insurance company.

Under these circumstances the decree of the Chancery Court sustaining the validity of Schaaf's claim to the proceeds of the policy is plainly right, and must be affirmed.     *Affirmed.*